[Lathrop-Hatten Lumber Co. v. Bessemer Savings Bank.]

# Lathrop-Hatten Lumber Co. *v.* Bessemer Savings Bank, Claimant.

## *Statutory Claim Suit.*

1. *Married women; carrying on business; husband as agent.*—Where a married woman is carrying on business in the name of a company, the written consent of her husband for her to carry on such business having been filed and recorded in the office of the judge of probate, pursuant to the requirement of section 2350 of the Code, a valid transfer of the personal property of such company may be made by her husband under parol authority from the wife.

2. *Transfer of property in payment of debt by debtor in failing circumstances; validity of, as against other creditors.*— \ debtor, though in failing circumstances, has the right to prefer any *bona fide* creditor by payment actually made by the transfer of property at its reasonably fair market value.

APPEAL from the City Court of Birmingham.

Tried before the Hon. H. A. SHARPE.

The facts are sufficiently stated in the opinion. A jury having been waived, the case was tried by the court, sitting without a jury, and judgment was rendered for the claimant. The appellant duly excepted, and now assigns the rendition of said judgment as error.

B. K. COLLIER, and GILLESPY & SMYER, for appellant.

THOMAS M. OWEN, *contra.*

STONE, C. J.—This is what is known in our jurisprudence as a statutory claim suit; and grew out of an attachment suit instituted by the appellants against Mrs. M. W. Fellows, trading under the name and style of The Bessemer Lumber Company, and her husband, W. C. Fellows. Upon the levy of the writ of attachment on the property of The Bessemer Lumber Company, the Bessemer Savings Bank instituted a claim to the property levied upon.

The evidence showed that W. C. Fellows was the general manager of the said Bessemer Lumber Company, and conducted the business of said company; that a few hours before the levy of the attachment said W. C. Fellows, as manager, executed and delivered a bill of sale to the claimant of "all the lumber, goods, chattels and effects" belonging to

the Bessemer Lumber Company. The conveying portion of this bill of sale is in the following language : "The Bessemer Lumber Company, by W. C. Fellows, manager, who has full power and authority to make this bill of sale, does hereby transfer, convey," &c. There is no evidence contained in the bill of exceptions showing how W. C. Fellows was appointed general manager of the Bessemer Lumber Company, nor in any way showing that he did not have full power and authority to execute the said bill of sale. The consideration for the bill of sale was part payment of an indebtedness from The Bessemer Lumber Company to the Bessemer Savings Bank, and was evidenced by a promissory note, past due. The claimant indorsed a credit on said note for the amount of the property conveyed. It was shown that W. C. Fellows had filed in the Probate Court of Jefferson county his written consent for his wife, M. W. Fellows, to do business under the style of The Bessemer Lumber Company.

The only question presented for our consideration on this appeal is whether or not W. C. Fellows, as the duly appointed agent for his wife, could bind her by a bill of sale to the claimant, so as to make said bill of sale a valid transfer of all the property of The Bessemer Lumber Company.

The married woman's law, as contained in the Code of 1886, is peculiar in the powers conferred, and the limitations imposed. It has been upon our statute books for so short a time that comparatively few of the many phases of the questions have been presented to this court for consideration. It is believed to be radically different, in its enunciation of the rights of husband and wife, from the statutes of the other States ; and hence, in the decisions of most of the questions arising under it, we can have little guide, except in the wording of the statute itself.—See *Bruce v. Bruce*, 95 Ala. 563.

Section 2350 of the Code of 1886 is in the following language : "The wife may, with the consent of the husband, expressed in writing, and filed and recorded in the office of the judge of probate of the county of their residence, and of the county in which the business is carried on, enter into and pursue any lawful trade or business, as if she were sole. But the consent of the husband is not necessary, if he be of unsound mind, or has abandoned his wife, or is a non-resident of the State, or is imprisoned under conviction for crime." As we understand this section, it enables the wife, after the consent of the husband has been filed in the office of the probate judge of the county of their residence, and

of the county in which the business is carried on, to enter into and pursue any lawful business or trade, as if she were sole, and imposes no limitations upon her capacity as a "free dealer." She is, as to her business, as if unmarried, and may do all things incident to trading in general, and all things usual and proper in the particular trade in which she is engaged. In other words, as to trading she is absolutely *sui juris*, and can act in all respects as any man could do.

It can not be denied that a man conducting any business in the name of a company, whether alone or associated with others, could carry on such business either personally or by an agent; nor is it believed to be necessary in the ordinary business of trade that this agency should be conferred by writing. It has been repeatedly decided in this State that writing is not essential to the appointment of an agent. The fact of agency may be proved by circumstances. In the present case it is proved by the plaintiff that the husband was the general manager of The Bessemer Lumber Company, and it was recited in the bill of sale that he was the agent of Mrs. M. W. Fellows, who had full power and authority to execute the said bill of sale. There is nothing in the record to show that W. C. Fellows was appointed as agent of Mrs. M. W. Fellows and manager of The Bessemer Lumber Company by parol. Therefore, in accordance with the language of the bill of sale, we could, if necessary, without doing violence to any rule of construction, presume that W. C. Fellows had full power and authority to make said bill of sale conferred upon him by writing. But this presumption is not necessary for the decision of the present case. The property transferred was personal in its nature, and, therefore, could have been sold or transferred without any writing. Mrs. M. W. Fellows was, under the facts of the present case, a *feme sole* for all purposes pertaining to the business of The Bessemer Lumber Company. She could conduct the said business personally, or by her agent; and she had the right and power to do all things incident to that business. W. C. Fellows being general manager of The Bessemer Lumber Company, and general agent of his wife in reference to all things pertaining to said business, in the absence of proof of dissent by her, there is nothing unreasonable in the presumption that he had her express authority for making this sale. We make this statement because of the recital in the bill of sale, that W. C. Fellows, the husband, had "full power and authority" to make it. Such sale, so made, if done with her knowledge and consent, whether previously given, or subsequently ratified on being

[Lockwood v. Tate.]

informed of it, was as legal and binding on her as if she had been a *feme sole;* and this, whether the authority or ratification was in parol or in writing.

The sale and transfer of the property being in part payment of a *bona fide* indebtedness could not be attacked as fraudulent as to other creditors, because, under our jurisprudence, a debtor, although in failing circumstances, has the right to prefer any *bona fide* creditor by payment actually made, whether in money or in property at its reasonably fair market value.—3 Brick. Dig., p. 517, § 137.

Affirmed.