| 98. | 475 |
|-----|-----|
| 108 | 552 |
| 98 | 475 |
| 113 | 405 |
| 115 | 440 |
| 98 | 475 |
| 119 | 315 |
| 98 | 475 |
| 127 | 63 |
| 98 | 475 |
| 134 | 579 |

# Marion *v.* Regenstein & Co.

*Motion to Set aside Judgment by Default on a contract against a Married Woman.*

1. *Voidable contract of married woman.*—A promissory note made by a married woman without the consent in writing of her husband is not a void contract, but is voidable at her election, seasonably expressed.

2. *Coverture shown by plea.*—When sued on her contract it is upon a married woman seeking to avoid liability for want of the written consent of the husband, to appear and plead her coverture. The law presumes the contractual capacity of parties until the contrary is made to appear by averment and proof.

3. *Motion to set aside judgment by default.*—The contract of a married woman not being void, a demurrer to a motion to set aside a judgment against her is properly sustained, where the complaint contained a good cause of action, and the defense of coverture was not interposed to it.

APPEAL from Anniston City Court.

Tried before the Hon. B. F. CASSADY.

On the 3rd day of October, 1892, J. Regenstein & Co. recovered a judgment by default for $275.45, in the City Court of Anniston, against appellee, Georgie Marion, in a suit on two counts for the same indebtedness, counting on the promissory note of the defendant, with a waiver of exemptions, and also on the common count for merchandise, goods and chattels sold. Execution was issued on the judgment and levied on the millinery store of defendant. On the 21st of October, 1892, the defendant made a motion in the City Court to set aside this judgment, because the defendant was a married woman, and had entered into the contract sued on without the written assent of her husband; and also for a misjoinder of counts. The plaintiffs demurred to this motion, setting out numerous grounds, among them chiefly, that the motion fails to show that said motion and petition was based upon a contract made by or with her, or was for the recovery of her separate property, or for injuries to such property, or for income, rents or profits, or for injury to her person or reputation. That said motion shows that the judgment sought to be set aside was obtained by default, and fails to show that the complaint upon which it was obtained did not contain a substantial cause of action; that the matters and things relied upon to set aside the judg-

[Marion v. Regenstein & Co.]

ment could and should have been specially pleaded by the defendant to said action; that said judgment was obtained by default and the motion fails to show any meritorious defense, and that defendant was prevented from defending by surprise, accident or fraud. The court sustained the demurrer, and the defendant excepted. The motion of defendant to set aside the judgment was refused, and the defendant excepted, and assigns said rulings of the court as error on this appeal.

KING & CARTHEL, for appellant.—1. The demurrer to the motion admits the facts stated in it: That the defendant was a married woman, and contracted without the written assent of her husband.—86 Ala. 180; Stephen on Pl., 143; 2. The contract of purchase of goods by a married woman without the written assent of the husband is void.—*Rooney v. Michael*, 84 Ala. 585-90; *Knox v. Childersburgh Co.*, 86 Ala. 180; *Scott v. Cotten*, 91 Ala. 623. 3. The note and contract of a married woman being void, the judgment rendered on it is void.—3 Gray, 411; 31 Am. Dec. 500; 9 S. W. Rep. 292; 83 Ky. 305; 13 S. W. Rep. 72; *White v. Foote Lumber Co.*, 29 W. Va. 4. If judgment is merely voidable, appellant is entitled to a reversal.—*Doyle v. Kelly*, 75 Ill. 574: *Ferguson v. Reed*, 45 Tex. 574. 5. A married woman's contract is void if not made in the manner provided by the statute.—*Knox v. Childersberg Land Co.*, *supra; McDonald v. Insurance Co.*, 56 Ala. 468; *Tanner v. State*, 92 Ala. 53; 36 N. J. Law, 133; 22 Ala. 685; 75 Ill., 111; 29 Ala. 668; 25 Ala. 664; 31 Ala. 438. A personal judgment cannot be rendered against a married woman except in those cases where it is shown that her personal disabilities have been removed. *Johnson v. Wood*, 82 Ala. 486. 6. The motion in this case is, in effect, a motion for a new trial, and the appellant can assign errors on the rulings of the court as on such motion for a new trial.—*Cobb v. Malone*, 92 Ala. 630.

MATHEWS & WHITESIDE, for appellees.—Appellee insists that this appeal should be dismissed for two reasons, specially: 1. Because three distinct judgments are included in the appeal; (2) it is an appeal from a judgment refusing to set aside a judgment by default—64 Ala. 402; *Espy v. Balkum*, 45 Ala. —. 2. Simply because the defendant was a married woman was no ground for setting aside a judgment. She should have appeared and plead her coverture. Freeman on Judgments, 3rd Ed. § 150. Coverture is a defense that must be specially pleaded.—1 Chitty Pl. §§ 743,

477. In case at bar it was not void, but simply voidable. *Scott v. Cotten*, 91 Ala. 623. A married woman must not only plead her coveture, but must be diligent in doing so. *Reed Lumber Co. v. Lewis*, 94 Ala. 626. 3. A judgment by default is an admission of the existence of every fact necessary to sustain the judgment.—*Randolph v. Sharp*, 42 Ala. 265. 4. Under our present system of laws a married woman may be sued alone and a personal judgment recovered against her; and she may make purchases without the written consent of husband and such contracts are not illegal, though voidable.—*Scott v. Cotten*, 91 Ala. 623.

McCLELLAN, J.—This action is prosecuted by Regenstein & Co. against Georgie Marion. The complaint contains two counts, the first on a note executed by Georgie Marion with waiver of exemptions, and the second on an account for goods, chattels and merchandise sold defendant by plaintiffs. Judgment in due course was taken by default. This judgment was manifestly under the first count, since it contains a declaration of waiver of exemptions. Afterwards, motions were severally made by Georgie Marion to set aside the judgment by default, and by J. H. Marion, her husband, for a new trial. The gist of each of these motions lies in the fact that, at the time of executing said note, continuously since then, and at the times of judgment and motions made, Georgie Marion was a married woman, the wife of J. H. Marion, and the latter had not in writing assented to the execution of the note by her.

Demurrers were sustained to each of these motions, and they were severally denied and dismissed. Georgie Marion took this appeal, and errors are assigned here separately by her and J. H. Marion.

It is not readily, or at all, conceivable what standing J. H. Marion had on the record below to make any motion in the cause; he was not a party to the suit, nor in any legal sense to be affected by the judgment. His motion was for a *new trial*, which, even if he had been a party, he could not have made, since there had been no trial within the purview of our statute obtaining in the premises, and no motion for a new trial could be entertained.—*Truss v. B. L. G. & M. R. R. Co. et al.*, 96 Ala. 316. And moreover he not only had no right to prosecute an appeal, but has not attempted to do so. For each of these several reasons further reference to him will be pretermitted.

On this appeal the only question presented is as to the right of Mrs. Marion to have the *judgment* by default set

[Marion v. Regenstein & Co.]

aside; her motion was made solely to that end, and that is the only relief she seeks. The *mode of executing* that judgment—the process by which, and the property out of which it is to be satisfied—is not a matter involved in the case as it is presented to us. And hence this case is not within the principles declared in *Callen v. Rottenbury*, 76 Ala. 169, even if that case be conceded to be the law upon the point decided by it under existing statutes in relation to the *status* and property of married women.

The contract executed by Mrs. Marion to the plaintiffs, the note sued on, was not a void contract, but voidable merely, and this at her election.—*Scott v. Cotten*, 91 Ala. 623. The time for this election to be made was when this suit was pending. If her purpose was to repudiate liability on it, it was then upon her to appear and plead her coverture, and facts showing that its disabilities with respect to this contract had not been removed by the assent in writing of her husband to her entering into it. It was not for the plaintiffs to aver the coverture and avoid the disabling attributes by further averring the husband's assent. This was defensive matter appropriate only to a plea. The law always presumes the contractual capacity of the parties to a contract until the contrary is made to appear by averment and proof. It was, therefore, not upon the plaintiffs to allege and avoid defendant's coverture. The complaint, without this, contained a perfectly good cause of action—the averment of a promise to pay by one whom the law presumed *prima facie* to have the capacity to make the promise, and a failure to comply with it. And if, in fact, the defendant had not the requisite capacity, she could and should, if her purpose was to avoid liability, have pleaded it.—1 Freeman on Judgments, 150; 1 Chitty Pl. §§ 743, 747; *Reed Lumber Co. v. Lewis*, 94 Ala. 626.

The contract not being void, but open merely to a defense by the seasonable interpretation of which it could have been avoidable, the complaint containing a good cause of action, and the defense of coverture not having been interposed, the case is brought within section 2835 of the Code, which provides : "No judgment can be arrested, annulled, or set aside, for any matter not previously objected to, if the complaint contain a substantial cause of action;" and we therefore hold that the lower court committed no error in sustaining demurrers to the defendant's motion, and denying and dismissing the same.

Affirmed.