# Strauss Pritz & Co. v. Glass.

### Action of Assumpsit.

1. *Wife's power to contract.*—Sections 2345 and 2346 of the Code should be construed together and so construing them, the wife has no legal capacity to contract except in writing, and her capacity to enter into written contracts is restricted to such as have the assent of the husband expressed in writing.—*Strouse v. Leipf*, 101 Ala. 444; *Mitchell v. Mitchell*, Ib. 185 and *Strauss v. Schwab*, 104 Ala. 669, qualified in that respect.

2. *Power of wife to engage in trade or business.*—When the written consent of the husband has been filed and recorded as provided for in § 2350 of the Code, the wife is freed from all contractual disabilities in reference to the trade or business she conducts, and in matters necessary in the management or conduct thereof, she may contract verbally.

3. *Same.*—Where the written consent of the husband has not been filed and recorded as required by § 2350 of the Code, the wife may nevertheless make a valid contract although connected with her trade or business, provided her contract is in writing, and the assent or concurrence of the husband thereto is expressed in writing.

4. *Plea of coverture—Prima facie*, a married woman is bound by her contracts—To answer a complaint on such contract, a plea of coverture should contain additional averments showing the contract to be

[Strauss, Pritz & Co. v. Glass.]

other than such a married woman may legally make. But if this is shown by the complaint, a demurrer would be sustained.

APPEAL from Perry Circuit Court.
Tried before Hon. JOHN MOORE.

The complaint in this case, which was filed by appellants against the appellee, who was a married woman, conducting a mercantile business, contained two counts. One for goods, wares and merchandise sold and delivered, and the other on a stated account. The defendant interposed several pleas in substance as follows: 1. That she was a married women when the contract was made. 2. That she made no written contract with her husband's assent or concurrence expressed in writing. 4. That she was engaged in a mercantile business, and no written consent of her husband thereto, had been filed or recorded in the office of the judge of probate. The averments of the fifth plea contained the matters embraced in the 2nd as well as those in 4th plea.

Demurrer was sustained to plea 2, and overruled to pleas 1, 4 and 5.

The ruling of the court upon the demurrers is assigned as error.

PITTS & PITTS for appellants cited.—*Mitchell v. Mitchell*, 101 Ala. 183, *Strouse v. Leipf*, 101 Ala. 444; 91 Ala. 623; Code §§ 2345 to 2350.

J. H. STEWART *contra.*—1 Ch. Pl. 59-449; 11 So. Rep. 419; *Ib.* 197; *Jordan v. Smith*, 83 Ala. 299; *Strauss v. Schwab*, 104 Ala. 669.

COLEMAN, J.—The complaint contains two counts, one for goods, wares and merchandise, alleged to have been sold by appellants to defendant, and the second, upon an account stated.

The plaintiffs were merchants, and the defendant, a married woman. The appeal is prosecuted by the plaintiffs from the ruling of the court, sustaining the sufficiency of the defendant's pleas to the complaint. The questions presented require a determination of what is necessary to render a contract valid and binding upon a married women under the present statute. The provisions applicable to the present case are contained in sec-

tions 2345, 2346, 2347 and 2350 of the Code of 1886, which read as follows :

"Section 2345. *Liability for post-nuptial contracts and torts of wife.* The husband is not liable for the debts or engagements of his wife, contracted or entered into after marriage, or for her torts, in the commission of which he does not participate ; but the wife is liable for such debts or engagements entered into with the consent of the husband in writing, or for her torts, and is suable therefor as if she were sole.

"2346. *Wife's power to contract.*—The wife has full legal capacity to contract in writing as if she were sole, with the assent or concurrence of the husband expressed in writing.

"2347. *How wife sues, and must be sued.*—The wife must sue alone, at law or in equity, upon all contracts made by or with her, or for the recovery of her separate property, or for injuries to such property, or for its rents, income, or profits, or for all injuries to her person or reputation ; and upon all contracts made by her, or engagements into which she enters, and for all torts committed by her, she must be sued as if she were sole."

"2350. *Power of wife to engage in trade or business.* The wife may, with the consent of the husband, expressed in writing, and filed and recorded in the office of the judge of probate of the county of their residence, and of the county in which the business is carried on, enter into and pursue any lawful trade or business, as if she were sole  But the consent of the husband is not necessary, if he be of unsound mind, or has abandoned his wife, or is a non-resident of the State, or is imprisoned under conviction for crime."

The first section exempts the husband from all liability for the contracts of the wife, contracted or entered into by her after marriage absolutely, and, it also declares the liability of the wife for her debts and engagements entered into with the consent of the husband in writing. It is plain from this section, considered in connection with the contractual disabilities of a married woman to bind herself personally, as they existed at the time of the enactment of the act of February 28th, 1887, that the legislature intended to enlarge her contractual capacity; and if this section stood alone, we would be in-

clined to hold, that the only limitation upon her contractual power was that she must obtain the consent of the husband in writing. This section, however, is followed by section 2346, which declares that the wife has full legal capacity to contract in writing as if she were sole, with the assent or concurrence of the husband expressed in writing. We are not authorized to so construe this section, as to enlarge the contractual capacity of the wife beyond the plain language of the act itself. Under its provisions the wife has no legal capacity to contract, except in writing, and her capacity to enter into written contracts are restricted to such as have the assent or concurrence of the husband expressed in writing. To hold that the wife can make a valid verbal contract under section 2345 would render nugatory section 2346. We do not think the argument sound, which would limit section 2346, to contracts, which the law requires to be in writing. If section 2346 had been omitted entirely, under every sound rule of construction we would hold that section 2345, applied only to contracts, which could be lawfully entered into verbally, and was never intended to place the contracts of a married woman outside of the provisions of the statute of frauds, or statutes which require certain contracts to be in writing. Section 2346 gives a married woman full legal capacity to make any and every contract that would bind a *feme sole*, if it is made in writing, with the written assent of the husband; but her contractual capacity extends no further. A *feme sole* is not bound by a verbal contract which contravenes the statute of frauds. We are led to the conclusion, in construing sections 2345 and 2346, that the latter qualifies section 2345, to the extent that a married woman cannot make a valid contract, of any character, binding on her personally, except it be made in writing, and she must also have the assent or concurrence of the husband expressed in writing.—*Strauss v. Schwab et al.*, 104 Ala. 669; *Scott v. Cotten*, 91 Ala. 623. There are expressions in some of our cases to the effect, that the written consent of the husband was the only requisite to validate the contract of the wife, as in *Strouse v. Leipf*, 101 Ala. 444; *Mitchell v. Mitchell, Ib.* 185; and the same conclusion might be implied from the expressions used in the case of *Strauss v. Schwab, supra*, but a decision of the question now before us was

not necessary in either of these cases, and those expressions are qualified in so far as they are not in accord with the rule herein declared.

These two sections as thus construed, are subject to the further provision contained in section 2350 *supra.* Under this section the wife may enter into and pursue any lawful trade or business as a *feme sole*, with the consent of the husband expressed in writing, filed and recorded in the office of the judge of probate of the county of their residence, and of the county in which the business is carried on. When the written consent of the husband has been filed and recorded as provided in section 2350, the wife is freed from all contractual disabilities, necessary to the proper conduct and management of the trade and business into which she has entered or may be pursuing, with the husband's consent thus expressed filed and recorded. Her verbal contracts in relation thereto, which would be valid against a *feme sole*, will be equally binding upon her. *Lathrop-Hatten Lumber Co. v. Bessemer Savings Bank*, 96 Ala. 350. Her capacity to make verbal binding contracts is restricted to such as are made under and after the provisions of section 2350 have been complied with. All her other contracts to be valid must be in accordance with section 2346, which requires that they be in writing, and have the assent or concurrence of the husband expressed in writing. 91 Ala. 623, *supra.* We do not doubt that under section 2346 of the Code, by complying with its provisions as construed and determined, the wife might enter into and make a valid contract although connected with her trade or business, such as the purchase of a stock of goods. Under the one section (2346) her contracts must be in writing, assented to or concurred in by the husband expressed in writing. Under the other (2350) for the purposes of the trade or business, she may contract verbally, her husband having complied with the provisions of the statute. Why it was that the legislature saw proper to empower the wife to enter into valid verbal contracts as a *feme sole*, without the consent of the husband to the particular contract, or even against his protest, in carrying on a lawful trade or business, the husband having previously complied with the provisions of 2350, and yet in all other contracts, not connected with the business, however simple their nature, or un-

important, restricted her capacity to contract to written contracts, and which must also have the written assent or concurrence of the husband, is not for this department to question. These enabling and restrictive provisions relative to married women are within constitutional authority, and our duty is confined to construing, and enforcing them. The language of the statutes is simple and easily understood.

One question presented for consideration is the effect of a plea of coverture, without further averment, to a cause of action *prima facie* sufficient. In some courts of great learning it is held that the contracts of the wife at common law were void, and that a judgment by default against a married woman was void, this upon the ground, that by marriage the legal existence of the wife became merged in that of the husband, that she could not employ an attorney nor appear in a court of law.—*Spencer v. Parsons*, 25 Am. St. Rep. 555 and note ; *White v. Lumber Co.*, 6 Am. St. Rep. 650. This court has held, and we believe in line with the weight of authority, that her contracts independent of statute were merely voidable, and to avoid them, she must plead her disability. Our statute has certainly abrogated the principle of the common law, that the legal existence of the wife becomes merged by marriage. By our statute the husband is absolved from all liability for the contracts of the wife. She is required to sue alone, and must be sued alone upon all contracts made by her. Code, § 2347. She may contract with her husband and can maintain an action against him.—*Bruce v. Bruce*, 25 Ala. 563 ; *Rollins v. The State*, 98 Ala. 79. These are rights and privileges conferred and liabilities imposed upon her by statute, which her husband could not have effected. · At common law her contracts were either void or voidable ; in either view a plea of coverture was a complete answer when sued upon any contract, express or implied, independent of the consent or objection of the husband. Under our statute it is not a conclusion of law, that her contracts are either void or voidable. By section 2351 of the Code of 1886, it is declared "That all property of the wife, whether acquired by descent or inheritance, or gift, devise or bequest, or by contract or conveyance, is the separate property of the wife, within the meaning, and subject to the provisions of this article, saving and except-

ing only such property as may be conveyed to an active trustees for her benefit." We have seen she must sue alone, and be sued alone, for the recovery of her property, for injury done to it, for rents accruing from it, and upon all contracts entered into by her. With such enlarged contractual rights, privileges and liabilities, and her capacity to sue alone, her personal liability for her contracts and torts in courts of law or equity, we are forced to the conclusion that her personality, separate from her husband, is clearly, definitely established and secured. Such being her legal status, under the statute, the law will not conclude from the fact of coverture, that she was incapable of making the contract, unless such affirmatively appears from the complaint itself. If her disability appears by the complaint, a demurrer should be directed to the defect. If the complaint presents, *prima facie,* a cause of action against the defendant—and we hold since the adoption of the statute *prima facie* a married woman is bound by her contracts—a plea of coverture without additional averments, does not answer the complaint. We see no sound reason for holding that the plea of coverture should imply all that such a plea implied at common law, since the reason why it was given such effect cannot arise under our statute. On the contrary, every principle requires that a married woman should now be governed by the general rules of pleading, applicable to other persons, as to the general issues and special pleas, and the plaintiff by joining issue, replication or amendment of his complaint, may have the cause tried upon legal and meritorious issues. Plea number one (1) which simply pleaded coverture, was defective, and the demurrer should have been sustained.—*Marion v. Regenstein,* 98 Ala. 475; *Bruce v. Bruce,* 25 Ala. 563, *supra.* Plea number 4 was also defective. The facts averred in this plea show that the defendant was not liable under section 2350 of the Code, but *non constat,* that the purchase of the goods was in writing signed by her, to which her husband had assented in writing as provided in section 2346. We find no valid objection to plea number 5. It seems to be full and in accord with the principles of law declared in this opinion.

[Elyton Land Co. v. Denny.]

For the error in holding plea number one, and plea number four, sufficient, the cause is reversed.

Reversed and remanded.