[Scarbrough v. Borders & Co.]

# Scarbrough *v.* Borders & Co.

*Action on Promissory Note.*

1. *Pleading and practice; appeals.*—The rulings of the trial court which are not insisted· on in argument on appeal will be treated as waived. ˙

2. *Same; error without injury in overruling demurrers to a plea.*—In an action on a promissory note, the overruling of a demurrer interposed to a plea, upon the ground that said plea had the effect of requiring plaintiff to prove the transfer to him of the note sued on, if erroneous is error without injury, where the. plaintiff, without objection on the part of the defendant, proved the transfer of the note to him and introduced the note in evidence; the plaintiff having had the benefit óf all the evidence he could have introduced if the demurrer had been sustained.

3. *Husband and wife; coverture a personal defense.*—Coverture is a personal defense ˙which can be interposed alone by the wife or her personal representative·; and, therefore, the plaintiff in an action upon a promissory note given to a married woman and by her assigned to him, can not defeat a demand against his assignor, pleaded as a set off, upon the ground that at the time of entering into the contract with the defendant plaintiff's assignor was a married woman, and the contract was made without the written assent and concurrence of her husband.

4. *Trial without jury; review on appeal.*—Where a case is tried by the court without the intervention of a jury and the evidence is conflicting, the judgment will not be reversed unless it is plainly erroneous.

5. *Same; same.*—Where a cause is tried by the court without the intervention of a jury, error in the admission of evidence will not work a reversal, if the judgment rendered is sustained by legal evidence.

APPEAL from the City Court of Anniston.

Tried before the Hon. JAMES W. LAPSLEY.

This action was brought by the appellant, Eba Scarbrough, against the appellees, A. H. Borders & Company, and counted upon a promissory note, which was executed by A. H. Borders & Co. to one E. A. Hughes, the plaintiff averring in his complaint "that said note was duly transferred and assigned to him and was his property."

[Scarbrough v. Borders & Co.]

The defendants pleaded the following pleas : "1. That they did not promise and undertake in the manner therein alleged. 2. That they have paid the debt or note for the recovery of which this suit was brought before the action commenced. 3. That they paid the original payee of said note, A. E. Hughes, the full amount of said note or debt, for the recovery of which this suit was brought, before it was transferred to the plaintiff, Eba Scarbrough. 4. That at the time said action was commenced and prior to notice to the defendants of the transfer of said note, the original payee, A. E. Hughes, was indebted to defendants in a sum equal to, or in excess of the amount as evidenced by said debt or note, the foundation of this suit, for goods, wares and merchandise sold by, and money paid or advanced to the original payee of said debt or note, the foundation of this suit, A. E. Hughes, at her request, from February, 1889, to March 13th, 1890, which defendants hereby offer to set off againt the demand of the plaintiff. 5. That before this action was commenced on, to-wit, the 13th day of March, 1891, and before notice to them of said transfer of said note, defendants had a settlement with A. E. Hughes, the original payee of said debt or note, the foundation of this suit, by the terms of which settlement defendants paid and fully satisfied the debt or note for the recovery of which this suit is brought." The sixth and seventh pleas set up payment of the note sued upon before the commencement of this suit, and before the note was transferred or assigned to the plaintiff.

The plaintiff demurred to the pleas as follows : "1. Plea number 2 purports to be a plea of payment, and fails to show to whom it was paid, when it was paid, and that defendants did not have notice of the transfer of said note to this plaintiff. 2. Plea number 4 fails to show that A. E. Hughes was indebted to defendants before the note was transferred to plaintiff, and fails to aver the sum offered to be set off by defendants was a legal subsisting demand against A. E. Hughes at the time of transfer of said note. It is not shown that the said A. E. Hughes contracted in writing with the written consent or concurrence of her husband for said goods, wares and merchandise with defendants. 3. Plea number 5 fails to show that the settlement therein alleged

with the said A. E. Hughes was had before the transfer of said note, and before defendants had· notice of the transfer of said note." 'These demurrers were overruled.

On March 23, 1896, by leave of the court the defendant filed an additional plea which was as follows: "That the said note on which this suit is founded has not been duly and legally transferred and assigned to the plaintiff, and is not and was not at the time the suit was instituted, the property of the plaintiff. And defendant makes oath that this plea is true." Plaintiff demurred to the plea filed March 23, 1896, upon the following grounds: 1. Because it is not necessary that the note, which is the foundation of this suit, should have been assigned or transferred in writing to plaintiff. 2. It is not alleged in said complaint that it was duly and legally assigned to the plaintiff. 3. It is not alleged in said complaint that said note was duly and legally transferred and assigned to plaintiff. This demurrer was overruled, and plaintiff duly excepted. The plaintiff moved to strike out of said plea the words "and assigned to ·plaintiff," for the reason and upon the ground that it is not necessary to entitle plaintiff to maintain this action that the note should have been assigned or conveyed to him in writing.

Thereupon the plaintiff filed a replication to plea number 4, which replication was demurred to. The substance of this replication and of the demurrer thereto which was sustained, is sufficiently stated in the opinion.

It is not necessary to set out the facts of the case in detail. The cause was tried by the court without the intervention of a jury, and upon the hearing of all the evidence, judgment was rendered for the defendant. Plaintiff appeals, and assigns as error the several rulings of the trial court to which exceptions were reserved.

MATTHEWS & WHITESIDE, for appellant.—The demurrer to the plaintiff's replication to defendant's plea should have been overruled. The demand sought to be set forth was not binding upon the plaintiff's assignor. Code of 1886, § 2346 ; *Strauss v. Glass*, 108 Ala. 546.

JOHN B. KNOX, F. L. BLACKMON and PELHAM & ACKER, contra.—1. The plea filed March 23, 1896, a demurrer to it being overruled and constituting the second assign-

[Scarbrough v. Borders & Co.]

ment of error, is a plea denying the plaintiff's owner-
ship of the cause of action, and the legal transfer and
assignment of the same to him, and is verified as re-
quired by the statute. The only effect of this plea was
to put the plaintiff to proof of the transfer of the note
to him, and this proof having been made by him, and
the note admitted as evidence without objection
on the part of the defendants even if the plea
was bad, it cannot be prejudicial to the appellant.
The trial having been before the court without the in-
tervention of a jury, and the plaintiff having the
advantage of all his evidence under the pleadings, this
court will not reverse the judgment even though errone-
ous because of a ruling on demurrer.—*Payne v. Crawford*,
102 Ala. 387 ; *Middleton v. Wilson*, 84 Ala. 264 ; *Louis.
& Nash. R. R. Co. v. Trammell*, 93 Ala. 350.

2. The plea of coverture is a defense which the
married woman or her personal representatives may in-
terpose or not as she or they may elect. It is not un-
lawful for a married woman to contract. A purchase of
goods by her is a lawful act, and her contract without
her husband's consent in writing is not void, but only
voidable, "and this at her election."—*Marion v. Regen-
stein*, 98 Ala. 475 ; *Scott v. Cotten*, 91 Ala. 623 ; *Yarbrough
v. Bush*, 69 Ala. 170 ; *Rabitte v. Orr*, 83 Ala. 185 ; *Crumb-
ley v. Searcey*, 46 Ala. 328. The plea of coverture is
like the plea of infancy, and only the party or his or her
personal representatives can elect to interpose it.—*Shrop-
shire v. Burns*, 46 Ala. 108 ; *Strauss v. Glass*, 108 Ala. 546.

3. If improper testimony was admitted, the trial
having been had without the intervention of a jury, this
court would not on that account reverse the judgment.
*Holmes v. State*, 108 Ala. 24 ; *Ramcy v. Peeples Grocery
Co.*, 108 Ala. 477 ; *Woodrow v. Hawving*, 105 Ala. 248.

HARALSON, J.—1. The rulings of the court in
overruling plaintiff's demurrers to the 2, 4 and 5 pleas
of defendants, are not insisted on in argument, and are
to be treated, therefore, as waived.

2. The cause was submitted to the court for decision,
a jury having been waived. If there was error in over-
ruling plaintiff's demurrer to defendants' special plea
filed 23 March, 1896,—which we do not consider,—it
was error without injury. The only effect of this plea,

[Scarbrough v. Borders & Co.]

so far as objected to on demurrer, was, to put the plaintiff on proof of the transfer to him of the note sued on, and this proof was made by him and the note admitted in evidence without objection by defendants. His position was no worse than if the plea had not been interposed. *L. & N. R. R. Co. v. Trammell*, 93 Ala. 350.; *Crawford v. Payne*, 102 Ala. 387 ; *Middleton v. Wilson*, 84 Ala. 264.

The motion to strike out of the plea, the words "and assigned to plaintiff," does not appear to have been acted on by the court, and is, therefore, not a matter for review.

3. The plaintiff replied to plea No. 4, and alleged that A. E. Hughes, the original payee of the note in suit, prior to February, 1889, and since, was a married woman, the wife of W. B. Hughes with whom she lived, and she did not contract in writing with defendants for any goods, wares and merchandise with her said husband's written consent and concurrence in writing. The defendant demurred on grounds, that coverture is a personal defense, and not available to plaintiff in this action, and that the contract of a married woman without written consent of her husband is voidable only, not void, and can only be raised or insisted on by her.

A wife may or may not plead coverture as defense when sued on a contract executed by her alone. Like infancy or usury, it is a personal defense, which can be interposed alone by her, or her personal representative. *Strauss v. Glass*, 108 Ala. 546 ; *Marion v. Regenstein & Co.*, 98 Ala. 475 ; *Shropshire v. Burns*, 46 Ala. 108 ; 14 Am. & Eng. Encyc. of Law, 660. The plaintiff had no right to plead Mrs. Hughes' coverture to defeat the amount of an account, contracted by her with defendants, which account it is insisted was used and accepted by Mrs. Hughes and her husband, in settlement of the note sued on, prior to its transfer or notice to the defendants of its transfer to plaintiff by Mrs. Hughes, and which was offered to show settlement of plaintiff's demand before he acquired the same. By the assignment of the note to plaintiff by Mrs. Hughes, she did not transfer to him the right to make this plea to that account, when offered, in the manner and for the purpose it was.

The case was tried on issue joined on defendant's several pleas.

4. The court rendered a judgment on the evidence in

[Western Union Telegraph Co. v. Adair.]

favor of defendants. We will not review the evidence. It was not free from conflict. The rule in such cases is, not to disturb the judgment unless it is plainly erroneous. The judgment was not only not plainly erroneous, but in our judgment was correct on the evidence introduced. *Nelson v. Larmer*, 95 Ala. 300 ; *Woodrow v. Hawving*, 105 Ala. 248.

5. On the trial by the court without a jury, error in the admission of evidence will not work a reversal, if the judgment rendered is sustained by the legal evidence. We need not consider the assignment of error touching the admission of evidence, since if the judgment is right on all the evidence, the admission of illegal evidence was not injurious.—*Holmes v. The State*, 108 Ala. 24 ; *Ramey v. Peeples Grocery Co.*, 108 Ala. 477 ; *Woodrow v. Hawving, supra*.

Affirmed.