# Clewis v. Malon & Sons.

## Action for Conversion.

1. *Transaction between relatives.*—It is error to charge the jury, that "when transactions are made between relatives, the law requires a stronger degree of proof to establish the validity of the transaction than if such transaction was between strangers."

2. *Sale of exempt property.*—A sale by a resident of this state of all his personal property, not exceeding one thousand dollars in value, is valid without regard to the consideration, or the reservation of a benefit therein. The vendor's creditors cannot complain.

3. *Purchase of property by married woman.*—A contract of sale of personal property to a married woman without the statutory assent of the husband is not void under our statutes, but voidable only at her election.—(Overruling *Strauss v. Schwab*, 104 Ala. 669). Such contract is voidable only at common law.

APPEAL from Henry Circuit Court.
Tried before Hon. J. W. FOSTER.

[Clewis v. Malon & Sons.]

On January 17, 1895, Paul, Jones & Co. sued out an attachment against Geo. F. Clewis, which was levied on the property in suit, which was at the time in his possession in Dothan, Alabama. On demand by the sheriff, plaintiffs in attachment executed an indemnity bond, with Malon & Sons as sureties. The property was sold by the sheriff and applied to the payment of the debt sued on. E. L. Clewis, claiming to be the owner of the property at the time of the levy of the attachment, sues Malon & Sons to recover its value. On the trial the plaintiff introduced evidence tending to show that on January 4, 1895, G. E. Clewis executed to plaintiff a bill of sale to the goods in suit, consisting of a stock of whiskies, wines, etc., in payment of a debt of one thousand dollars due from G. E. Clewis to his brother, B. Clewis, plaintiff's husband. That on January 5, plaintiff gave G. E. Clewis a power of attorney to take and hold possession for her and in her name conduct a retail liquor business. That thereafter the possession of the property was so held. Defendants introduced in evidence a note and mortgage from G. E. Clewis to the plaintiff for one thousand dollars, of date December 17, 1894, and embracing the same property. On the mortgage was a receipt by G. E. Clewis for the property therein described in satisfaction of the mortgage, January 4, 1895. Plaintiff's evidence further tended to show that G. E. Clewis was indebted to B. Clewis in the sum of one thousand dollars for wages as a clerk or salesman; that G. E. Clewis was a resident of Alabama when the mortgage and bill of sale were executed to plaintiff, that the property sold embraced all his personal property in this State, and was not exceeding one thousand dollars in value, which was controverted. The evidence further tended to show that at the time of the sale to plaintiff, she and B. Clewis lived together as husband and wife at Thomasville, Ga., and that the bill of sale was executed in Thomasville, Ga.; that G. E. Clewis remained in possession of the property as before, except under plaintiff's power of attorney. Plaintiff introduced section (1754) (1744) of the Code of Georgia, 1873, as follows: "Wife's property when separate: All the property of the wife at the time of her marriage, whether real or personal, or choses in action, shall be and remain the separate property of the

wife, and all property given to, inherited or acquired by the wife during coverture shall vest in and belong to the wife, and shall not be liable for the payment of any debt, default, or contract of the husband."

The opinion sets out the charge for plaintiff and charge No. 1 given for defendants. The court also gave the following charges for defendants in writing: 2. "There is no evidence in the case that G. E. Clewis was indebted to E. L. Clewis, the plaintiff, in the case, at the time the bill of sale was executed." 3. "Before the jury can find their verdict for the plaintiff, they must be reasonably satisfied from the evidence in this case, that Geo. E. Clewis owed B. Clewis an honest debt equal to or in excess of the value of the goods sold, and that the goods sold were sold at their fair adequate value, and that Geo. E. Clewis reserved no interest or benefit in the property sold." There was judgment for defendants. Plaintiff appeals.

H. A. PEARCE, for appellant, cited, *Teague v. Lindsey,* 106 Ala. 266.

ESPY & FARMER, *contra,* cited, *Davidson v. Lanier,* 56 Ala. 318; 2 Par. on Cont. 571; *Hundly v. Chadick,* 109 Ala. 575; *Larkin v. Woosly,* 109 Ala. 258; *Strauss v. Schwab,* 104 Ala. 669; *Scharf v. Moore,* 102 Ala. 468; *Scott v. Cotton,* 91 Ala. 623; *McAnally v. Insane A.,* 109 Ala. 109; *Jaffrey v. McGough,* 83 Ala. 202; 18 Ala. 307; 9 Ala. 885; 15 Ala. 148.

McCLELLAN, J.—The court erred in charging the jury at the request of defendants that "when transactions are made between relatives, the law requires a stronger degree of proof to establish the validity of the transaction than if such transaction was between strangers."—*Teague, Barnett & Co. v. Lindsey et al.,* 106 Ala. 266, 277.

Defendants themselves introduced a note, and a mortgage securing its payment, executed by G. E. Clewis to E. L. Clewis on December 17, 1894. This was certainly some evidence of an indebtedness by G. E. to E. L. Clewis at the time the bill of sale was executed on January 4, 1895, no pretense being made that the note had

meantime been paid. Charge 2 should, therefore, not have been given.

The court correctly charged the jury that if they were "reasonably satisfied with the evidence that G. E. Clewis, at the time of the sale, was a resident of the state, and that the property owned by him in this state was not worth more than one thousand dollars, and that he sold the same to E. L. Clewis, then they need make no further investigation, and their verdict will be for the plaintiff." Charge 3 given for the defendants is directly antagonistic to this proposition, and should not have been given. It authorized and required a verdict for the defendants upon certain facts which might well exist along with the facts hypothesized in the charge quoted, and which if they did exist required a verdict for plaintiff, notwithstanding the jury should find the truth of the facts hypothesized in said charge 3.

The contract of sale was not void because of the coverture of E. L. Clewis, but voidable only at her election whether it be considered a Georgia contract, and, therefore, presumably under the common law, or an Alabama contract and controlled by our statutes.—*Scott v. Cotton,* 91 Ala. 623; *Marion v. Regenstein & Co.,* 98 Ala. 475; *Strauss, Pritz & Co. v. Glass,* 108 Ala. 546; *Scarbrough v. Borders,* 115 Ala. 436; *Scott v. Taul,* 115 Ala. 529.

The case of *Strauss v. Schwab,* 104 Ala. 669, is in conflict on the point under consideration with the cases cited, and in so far as it holds that a contract of sale made to the wife without the statutory assent of the husband is void, it must be overruled.

We discover no error in the other rulings of the court to which exceptions were reserved.

Reversed and remanded.