# Laster *v.* Blackwell.

*Statutory Action of Ejectment.*

1. *Trial and its incidents; how judgment by court without jury re-*
22c

[Laster v. Blackwell.]

*viewed on appeal.*—Where a case is tried by the court without the intervention of a jury, and the evidence is in conflict, the judgment rendered by the court will not be reversed, unless it is plainly erroneous.

2. *Same; same; action of ejectment.*—In an action of ejectment the cause was tried by the court without the intervention of a jury. The only witnesses testifying in the case were introduced by the plaintiff. The material contention was as to the contents of a lost deed; the plaintiff's contention being that this deed conveyed a life estate to their mother, with remainder in fee to them, while the defendant's contention was that said deed conveyed an absolute fee simple title in the mother. The testimony of four of the witnesses introduced by the plaintiff tended to show that the life estate to the mother with remainder to her children was conveyed by said deed, but the statements of these witnesses were more of their construction of the deed than statements as to their recollection of its contents, or the contents in substance, and two of the w.t-nesses had never read the deed, but had heard it read about forty years before the trial. The other three of the witnesses introduced by the plaintiff had each read the deed, and each stated positively that it contained no conveyances of a life estate to the mother with remainder to her children, but was an absolute warranty deed to the mother, saying nothing about a life estate. *Held:* That with such conflict in the testimony of the witnesses introduced by the plaintiff, the judgment of the court in favor of, the defendant cou¹ not be said to be plainly erroneous, and, therefore, such judgment will not be reversed.

3. *Same; same.*—To reverse a judgment on appeal, there must be manifest error appearing in the record; and in an action of ejectment, where the plaintiffs claim title as remaindermen under a lost deed, but there is no evidence in the record that the life tenant was dead at the commencement of the suit, a judgment in favor of the defendant can not be said to be erroneous, and will not be reversed.

APPEAL from the City Court of Gadsden.

Tried before the Hon. JOHN H. DISQUE.

This was a statutory action brought by the appellants against the appellees. The plaintiffs claim to be the owners of the lands sued for, under and by virtue of a deed executed by Micajah Sanson, Lemile Sanson, his wife, to Eliza Laster, for and during her natural life

and at her death to her children. All of the plaintiffs are the children and heirs-at-law of the said Eliza Laster.

The defendants claim through a deed alleged to have been executed by Micajah Sanson and Lemile Sanson, his wife, to Eliza Laster, but which, defendants contend, was an absolute warranty deed, and neither reserved nor limited any remainder or estate to her children. The facts of the case necessary to an understanding of the decision on the present appeal are sufficiently stated in the opinion.

The cause was tried by the court without the intervention of a jury, and judgment was rendered for the defendant. The plaintiffs appeal, and assign as error, among other rulings of the trial court, the rendition of judgment for the defendant.

GRIGSBY E. THOMAS, JR., and HENRY F. REESE, for appellant.

JAS. AIKEN and DORTCH & MARTIN, contra.

DOWDELL, J.—This is a statutory action of ejectment. The case was tried in the court below without the intervention of a jury, and a judgment was rendered by the court below in favor of the defendants. While there are several assignments of error, only one is insisted on in brief of counsel for appellants. and that is, that the trial court erred in rendering judgment in favor of the defendants on the evidence. The evidence was in conflict, and the rule in such cases is, not to disturb the judgment unless it is plainly erroneous.—Scarbrough v. Borders & Co., 115 Ala. 436. The burden of proof was on the plaintiffs to make out their case. The only witnesses testifying in the case were introduced by the plaintiffs. The material contention in the case was as to the contents of a lost deed, upon which plaintiffs relied for their title to the land in question. Their contention being that this deed conveyed a life estate to their mother, one Eliza Laster, with remainder in fee to them. The tendency of the evidence of four of plaintiffs' witnesses was to support the plaintiffs'

contention, while the tendency of the evidence of three other witnesses, who were sworn on behalf of plaintiffs, on their cross-examination, was to disprove plaintiffs' contention. The plaintiffs in introducing these witnesses vouched for their credibility as much so, as those witnesses whose evidence tended to support their theory of the case. Under this conflict in the testimony , we cannot say that the judgment of the court on the evidence was plainly erroneous. On the contrary, after a careful review and consideration of the evidence, we are clearly of the opinion that the conclusion of the trial court was right and its judgment proper. The testimony of those witnesses that tended to show, that a life estate to the mother with a remainder to her children, was conveyed, as evidence of the contents of a lost deed, was of a character not very satsfactory, and of doubtful competency but the question of its admissibility is not before us, as it was admitted. We say not of a nature very satisfactory, because their statements were rather more of the witnesses' construction of the deed, than a statement of their recollection of its contents, or the contents in substance. Two of these witnesses had never read the deed, but had only heard it read about forty years since. The three witnesses whose testimony was in opposition to this, had read the deed, and stated positively that it contained no conveyance of a life estate to Eliza Laster with remainder to her children, but was a straight deed to Eliza with warranty and said nothing about a life estate. With this decided conflict in the evidence, and between witnesses introduced by the plaintiffs, with the burden upon them of proving their case to the reasonable satisfaction of the court, a case is not presented on appeal for the reversal of the judgment of the trial court as being plainly erroneous.

There is another question in the case, which is fatal to appellants' right of reversal of the judgment. To reverse a judgment on appeal there must be manifest error appearing in the record. The plaintiffs claim title under the lost deed as remaindermen. If it were conceded that this deed conveyed title to them as re-

[Hardee v. Abraham.]

maindermen, there is no evidence in the record that the life tenant was dead at the commencement of the suit. It is an elementary principle in actions of ejectment, that the plaintiff in order to recover must have title at the commencement of the suit as well as at the trial. The only evidence as to the death of Eliza Laster, the supposed life tenant, is to be found in the depositions of two of plaintiffs' witnesses, one of whom says "she died last June a year ago;" the other witness says "she has been dead two years." This suit was begun on the 23d of July, 1894, and the trial was had on the 4th day of October, 1900. There is nothing in the record to inform us when the depositions of the two witnesses who testify as to the death of Eliza Laster, were taken. For aught that appears these depositions may have been taken in the year 1900, when the trial was had, and if so, she was not dead at the commencement of the suit, and then the plaintiffs as remaindermen could not maintain this action. Error on appeal will not be presumed, it must be shown.

Affirmed.