# Skinner *v.* Jennings.

*Bill in Equity to have Sale declared General Assignment.*

1. *Fraudulent conveyance; sale of exempt property can not be impeached as fraudulent.*—The sale or other disposition of property which is by law exempt from the payment of debts, can not be attacked by creditors, and hence, where a debtor, whose personal property is of less value than one thousand dollars, makes a sale of all of it, the sale can not be declared a general

assignment on bill filed for that purpose by a creditor.

2. *Exemption of personal property; when no selection required.*
If a person has personal property which does not exceed in
value one thousand dollars, a selection of the property is un-
necessary, since the law, without the doing of any act on his
part, intervenes and attaches the right of exemption as abso-
lutely and unconditionally as if the particular property was
specially designated and declared exempt.

APPEAL from the Chancery Court of Barbour.

Heard before the Hon. WILLIAM L. PARKS.

The bill in this case was filed by the appellant,
George N. Skinner, against the appellees, Robert M.
Jennings and his wife, Janie G. Jennings. The pur-
pose of the bill and the facts necessary to an under-
standing of the decision on the present appeal are suf-
ficiently stated in the opinion.

On the final submission of the cause on the pleadings
and proof, the chancellor decreed that the complain-
ant was not entitled to the relief prayed for and or-
dered the bill dismissed. From this decree the com-
plainant appeals, and assigns the rendition thereof as
error.

G. L. COMER, for appellant, cited, *Gay v. Strickland,*
112 Ala. 567; *Morrow v. Campbell,* 118 Ala. 330; *M. &
P. Bank v. Paulk,* 124 Ala. 591.

A. H. MERRILL, *contra,* cited, *Alley v. Daniel,* 75 Ala.
403; *Clewis v. Malone,* 119 Ala. 312; *Wright v. Smith,*
66 Ala. 514; *Lehman v. Bryan,* 67 Ala. 553; *Fellows v.
Lewis,* 66 Ala. 343.

HARALSON, J.—It is admitted that the defendant,
R. M. Jennings, on the 15th May, 1902, was indebted
to his wife, Janie G. Jennings, in the sum of $1,500,
evidenced by his promissory note to her for that sum
executed on the 2d of July, 1901, for money advanced
by her to him on that date; that for the purpose of
paying said indebtedness, the said R. M. Jennings, on
that date,—15th May, 1902,—executed and delivered to

her the bill of sale attached to the bill as an exhibit, by which he conveyed to her the different items of property therein described, at the nominal values therein stated,—but the real value of which amounted to $630.77,—and that was substantially all the property he owned, except his wearing apparel, which was less in value than $100. The purpose of the bill is to have said bill of sale declared a general assignment, enuring to the benefit of complainant, a creditor of said R. M. Jennings, and his other creditors existing at the date of said conveyance; that said Janie G. Jennings be held to be a trustee under said bill of sale for the benefit of all of such creditors, and that the trust estate be administered under the orders and directions of the court, etc.

The contention cannot be sustained. As to this property, being less in value than $1,000, the owner, it may be said, had no creditors, and he was free to do with it as he chose,—to sell or give it to his wife, without the right of any creditor to complain, since it interfered with no right of his, legal or equitable. To allow that he was incapable of conveying it to his wife, to pay a debt he owed her,—though if he did not owe it would make no difference,—without its having the effect to convert the conveyance into a general assignment, would be to qualify and limit his exemption in a manner not sanctioned by the letter or policy of the exemption laws.—*Fellows v. Lewis*, 65 Ala. 343; *Wright v. Smith*, 66 Ala. 514; *Shirley v. Teal*, 67 Ala. 412; *Lehman, Durr & Co., v. Bryan*, 67 Ala. 558; *Clewis v. Malone* 119 Ala. 312. His right to it was so perfect that he was under no legal obligation to have it exempted to him by any court proceeding. A selection of it as exempt was unnecessary, the law, without the doing of any act on his part, intervening and attaching the right of exemption as absolutely as if the particular property had been specifically designated and declared exempt.—*Alley v. Daniel*, 75 Ala. 403; *Jackson v. Wilson*, 117 Ala. 432.

Affirmed.