# Johnson v. Frederick.

*Proceedinggs to Require Payment of Portion of Common Fence.*

(Decided Nov. 24, 1909. 50 South. 910.)

1. *Fences; Partition Fence; Proceedings; Improved Land.*—Where an adjoining land owner was using land as a pasture for cattle, and had it inclosed within a wire fence consisting of posts and

four strands of wire attached thereto, the land was improved land within the meaning of section 4347, Code 1907, and the fence was such as the statute required to be erected at the joint expense of the occupants.

2. *Same.*—Where one party erects a fence between her land and another, and the parties cannot agree as to the expense, proceedings may be had under sections 4247 and 4248, Code 1907, to determine the amount to be paid by each, although the moving party did not consult the other before building the fence as to the kind of fence to be built or the probable cost of the same.

3. *Appeal and Error; Waiver of Error.*—Assignments of error not insisted upon in brief or argument are waived.

APPEAL from Mobile Law and Equity Court.

Heard before Hon. SAFFOLD BERNEY.

Certiorari by Mrs. Jane Johnson to review the actions of the justice of the peace in proceedings instituted by Mrs. Frederick to compel Mrs. Johnson to pay a portion of the expense of erecting a common or partition fence. From a judgment in favor of plaintiff in the original proceedings, the defendant appeals. Affirmed.

McINTOSH & RICH, for appellant.—Appellant insists that she is not liable for any part of the costs of building the fence for the reason, 1st, that she was never consulted by appellee about building the fence before it was built as to the kind of fence to be built, or as to the probable cost of the same, and 2nd, because the property is not improved within the contemplation of the statute so as to make her liable for any portion of the fence.—Secs. 4247-8, Code 1907. Counsel discuss the proper construction given the statute and insist that the reasons assigned why defendant is not liable is the proper construction to be given.—8 Lewis Sutherland Statutory Construction, section 368; Clay's Dig. 241; *Moore v. Levert,* 24 Ala. 310.

GORDON & EDDINGTON, for appellee.—Assignments not insisted upon are waived.—*Scarbrough v. Borders,* 115 Ala. 436. They insist that the land was improved

land within the contemplation of the statute, that the fence was a reasonable fence, and that it was not necessary that appellee should have given appellant notice of the kind of fence to be built or that she was going to build a fence.—*Walker v. Wartrus*, 8 Ala. 494; *Boeing v. Horburg*, 24 Minn. 307; *Chase v. Jetts*, 58 N. H. 280; *Wiggins v. Baptist Society*, 43 N. H. 260.

EVANS, J.—Mrs. C. P. Frederick, the appellee, erected a partition fence between her lands and the lands of Mrs. Jane Johnson, appellant, and, after having erected the fence, made demand upon the appellant to pay her part of the expense of erecting the same. They being unable to agree, the appellee, Mrs. Frederick, proceeded under section 4248 of the Code of 1907. The justice of the peace issued his order in writing to three disinterested freeholders of the precinct, in accordance with the statute, as admitted by the parties to this suit, to ascertain the amount to be paid by appellant to appellee. After doing these things required by the statute, the three persons so named made their report to said justice of the peace, ascertaining the amount to be paid by Mrs. Johnson to Mrs. Frederick. The amount so ascertained not having been paid within 10 days after said report was made, the justice of the peace was about to issue execution as provided by the statute, when the appellant, Mrs. Johnson, obtained a writ of certiorari to the law and equity court of Mobile, and had the cause moved there for trial de novo. The complaint was there filed, as shown by the record, and defendant pleaded the general issue, with leave to give in evidence any matter that could be specially pleaded. The case was tried before Hon. Saffold Berney, judge of said court, without the intervention of a jury. The court rendered judgment for plaintiff, and

defendant appealed to this court, and now assigns as error: (1) That "the court erred in allowing plaintiff to prove ownership of the property without the introduction of the deeds." (2) That "the court erred in rendering its final judgment against the appellant in this case."

The first assignment of error is not insisted on in the brief of appellant's counsel, and we therefore treat it as waived.—*Scarbrough v. Borders & Co.*, 115 Ala. 436, 22 South. 180.

As to the second assignment of error, counsel for appellant insist that judgment should not have been rendered in favor of appellee for two reasons: (1) Because appellant was never consulted by appellee about building the fence, before building it, as to the kind of fence to be built, or the probable cost of the same, so that she might form any idea of how much money she would have to expend. (2) Because the lands of appellant were not improved lands within the contemplation of the statute, so as to make her liable for any portion of the price expended by appellee in erecting said fence. The undisputed evidence showed that the said lands of appellant and appellee joined for some distance. It is admitted by appellant that under the evidence the lands of appellee were improved lands as contemplated by section 4247 of the Code of 1907; but appellant insists that, under the proof, her lands were not improved lands as contemplated by said statute. The evidence upon this point was that appellant had inclosed her lands with a wire fence, consisting of posts with four strands of wire attached or tacked thereto, and was and had been using her said lands as a pasture for her cows and horses.

Although sections 4247 and 4248 of the Code of 1907 are very old statutes in this state, we fail to find any case where the question of what constitutes "improved

lands," in the meaning of section 4247, has been dis-
cussed. The history of this legislation, as to the build-
ing of partition fences between lands of adjoining own-
ers under certain conditions, and requiring the adjoin-
ing owners to pay for the same, seems to have had its
origin in the colony of Massachusetts. There, and in
other states of the Union where this legislation has
been enacted, the term "improved lands" has been held
to mean lands appropriated by the owner and devoted
to a particular use—used or employed to good purpose,
or turned to profitable account.—*Wiggin v. Baptist
Society,* 43 N. H. 260, 261. We therefore hold that ap-
pellant, having fenced her land in and devoted it to the
use of pasturage for her cows and horses, and thereby
turned it to profitable account, made it improved land
within the contemplation of section 4247 of the Code.

As to whether or not there was a legal duty resting
upon appellee to consult appellant, before erecting said
fence, as to the kind and costs of the fence to be erect-
ed, depends upon the proper construction of said sec-
tion 4247 of the Code. As nothing to that effect is
mentioned in the statute, and as there is no provision
as to what should be done in the event they could not
reach an agreement as to the kind and cost of the fence
to be built, and as the statute is entirely an equitable
one and does not require that the expense shall be
equally divided, and as the party building the fence un-
der the circumstances took all the risk as to bad judg-
ment in the kind and cost of the fence erected, and as
the building of the fence, at the joint expense of both,
was the right of either one of the adjoining owners, re-
gardless of the objection of the other party, we fail to
see any reason, in law, why the party desiring to build
the fence should consult the other upon these matters
except for her own protection. If the statute had re-

quired the other party to pay one-half of the costs of erecting the same, there would doubtless have been made some provision for consultation beforehand, and a way of deciding the kind and costs of the fence to be erected in case the parties could not agree thereon. On the other hand, the succeeding section, viz., section 4248 of the Code, provides what shall be done in case the builder of the fence and the adjoining owner cannot agree upon what the adjoining owner shall pay, and provides for viewers to go and see the fence, and examine the same, and make report what amount shall be paid to the owner erecting the same by the other party. It provides for just such a case as this.

We find no error in the ruling and judgment of the lower court.

Affirmed.

DOWDELL, C. J., and ANDERSON and SAYRE, JJ., concur.