# Woodrow v. Hawving.

*Action of Assumpsit.*

1. *Trial by court without jury; when error in admission of evidence does not work a reversal.*—When a case is tried by the court without

[Woodrow v. Hawving.]

the intervention of a jury, error in the admission of evidence will not work a reversal on appeal, if the judgment rendered by the trial court is sustained by the legal evidence; but the rule is different when the trial court erroneously excludes competent evidence.

2. *Contract of employment; implied stipulation that employé is competent.*—Where one, under a contract of employment undertakes to do certain work, he impliedly stipulates that he is competent and qualified to do said work, and is liable to his employer for damages resulting from a breach of such implied stipulation.

3. *Same; action for work and labor done; special contract admissible.* A person who has performed stipulated services under a special contract may, when he has completed his part of the contract, maintain an action against his employer under the common counts for work and labor done, and in support of his claim can introduce in evidence the special contract, as tending to show the character and value of his services and the length of time he rendered such services.

4. *Same; same; defendant may recoup damages for breach of contract.* Where one who was employed under a special contract to do certain work brings an action against his employer under the common counts to recover for work and labor done, the defendant can not only interpose the defense of a failure of consideration, or that the services were not worth the stipulated price, but he may set up the special contract under which the plaintiff was hired, and, if the evidence justifies it, recoup damages resulting from a breach of said contract by reason of the plaintiff's incompetency or his negligent performance of the work done under said contract.

5. *Review on appeal; finding of trial court.*—The provision of the act creating the city court of Birmingham, that on appeal "the Supreme Court shall review the conclusions and judgments of the city court without any presumption in favor of the rulings of the court below on the evidence, and if there be error, shall render or reverse and remand, as shall seem right," applies to cases where the appellate court has before it all the legal evidence and *data* which was before the city court; but where the evidence in a case before the trial court is oral, the appellate court has not before it all the important *data* and evidence, such as the manner and deportment of the witnesses on the stand, that was before the trial court, and in such case whether the judgment was rendered on a verdict by a jury or was rendered by the court without the intervention of a jury, this court will not disturb such judgment, unless it is plainly erroneous.

6. *Appeal from justice court; when judgment in excess of justice's jurisdiction not erroneous.*—On an appeal from a justice of the peace court, a judgment of the city or circuit court is not erroneous because it is for an amount in excess of the justice's jurisdiction, when such excess is caused by the addition of the interest which had accrued upon the judgment rendered by the justice from that time up to the rendition of the judgment in the appellate court.

16

APPEAL from the City Court of Birmingham.

Tried before the Hon. W. W. WILKERSON.

This was an action to recover an amount due for work and labor done, and was brought by the appellee, Robert Hawving, against the appellant, "John Woodrow, doing business as the Birmingham Steam Dye Works." The complaint was as follows : "The plaintiff claims of the defendant the sum of one hundred dollars due from him by account on the 1st day of April, 1893.

"(2.) The plaintiff claims of the defendant the further sum of one hundred dollars for work and labor done for the defendant by the plaintiff for defendant at his request on April 1st, 1893.''

The defendant interposed the following pleas : "(1.) That each allegation contained in the complaint is untrue.

"(2.) That defendant has paid plaintiff the demand sued for in this action.

"(3.) Defendant further says that plaintiff in his contract of hire with defendant agreed to give defendant two weeks notice before he quit his job or abandoned his contract, and defendant says that plaintiff abandoned his said contract and did not give defendant the said two weeks notice, and thereby greatly damaged defendant's business and occasioned defendant great losses, viz., in the sum of $100, which defendant asks to be recouped against the demand of the plaintiff.

"(4.) The defendant as a defense to the action of the plaintiff saith that, at the time the action was commenced the plaintiff was indebted to him in the sum of $100 dollars by unliquidated demand for damages to goods, clothes and articles left with defendant to be dyed and which plaintiff by his unskillful, careless, and negligent work injured on or about August 1st, 1892, which sum defendant claims of plaintiff, and asks judgment for any excess.

"(5.) Defendant further says that in his contract of employment of plaintiff the plaintiff represented himself to be a first class, skillful and able dyer, and that he understood thoroughly the business of dyeing in all of its branches, and defendant says that he was ignorant of plaintiff's want of skill at the time defendant hired plaintiff, and at time said work was given plaintiff to do; that after plaintiff had worked with him six or eight months

said plaintiff had, by his ignorance of and want of skill and knowledge in said work, injured and ruined the following goods and articles : 3 silk dresses, $11.75 ; 3 cloaks, $2.25; 17 dresses, $34; piece goods, (cloth not made up), $4; coats and vests, $4. All of which sums the defendant lost in charges and had to pay to his customers and said sums amounting, to-wit, to $56, the defendant offers to recoup against the demand of the plaintiff, and claims judgment for the excess.'' The trial was had upon issue joined upon these pleas.

On the examination of the plaintiff, he testified, among other things, that when he was employed to do dye work, his contract of employment was made with Henry Woodrow, father of the defendant, because the plaintiff could not speak English well, and Henry Woodrow could converse with him in German ; and after testifying as to his employment, and the payment of his wages from week to week, up to February, 1893, the plaintiff further testified that he demanded payment from Henry Woodrow of the amount due him, and that he told Henry Woodrow that he wanted something to show for what they owed him ; that Henry Woodrow walked off a little ways to where John Woodrow was standing, and after a conversation with the latter, wrote out and gave to the plaintiff the following due bill : ''Due Robert Hawving $62.35. Birmingham Steam Dye Works, John Woodrow.'' The plaintiff further testified that he did not know what connection Henry Woodrow had with the business, but that he was generally paid off by Henry Woodrow, who was continually in and about the place of business. Upon the plaintiff offering to introduce in evidence the due bill or memorandum, the defendant objected on the grounds, first, that the execution of the writing had not been sufficiently proven ; second, that it was not shown that Henry Woodrow had authority to bind John Woodrow ; and, third, ''because it was irrelevant, for the reason that the complaint was for work and labor done, and not on a stated account.'' The court overruled the objection, and admitted the due bill or memorandum in evidence ; and to this ruling the defendant duly excepted. The defendant also moved to exclude the testimony of the plaintiff as to his conversation with Henry Woodrow, on the ground of its irrelevancy. The court overruled this motion, and the defendant duly ex-

cepted. The other material facts of the case are suffi-
ciently stated in the opinion.

The cause was tried by the court without the interven-
tion of a jury, and upon the hearing of the evidence
judgment was rendered for the plaintiff. The defendant
appeals, and assigns as error the rulings of the court
upon the evidence, and the rendition of judgment in favor
of the plaintiff.

JOHN H. MILLER, for appellant.

CABANISS & WEAKLEY, *contra.*—When a party sues for
wages, and the defendant seeks to set off damages sus-
tained from a breach of the implied stipulation of the
contract, the burden of proof as to negligence or want of
care is upon the defendant; and such negligence is not
established by the opinions of witnesses unsupported by
facts.—*Krou v. Verkentoren*, 90 Ala. 113.

COLEMAN, J.—The appellee, Hawving, sued the ap-
pellant, Woodrow, in the justice court, and recovered a
judgment for one hundred dollars. The defendant ap-
pealed to the circuit court, where the case was tried *de
novo* by the court without the intervention of a jury, and
the court rendered judgment for the plaintiff for the
amount of the judgment recovered in the justice court,
and interest thereon as damages. The rule is, that when
a case is tried by the court, without a jury, although the
trial court may have erred in the admission of evidence,
yet if the judgment is sustained by all the legal evidence,
this court will not reverse the case. The rule is differ-
ent when the trial court erroneously excludes competent
evidence. The complaint was in the common form, upon
a *quantum meruit* demand, for services rendered, and not
upon a special contract.

The case was tried upon the pleas of payment, set-off
and recoupment. There was no evidence of payment,
and strictly speaking none to sustain a plea of set-off.
The real contest was upon the defense of recoupment for
loss resulting to the defendant in the damage and injury
of certain goods and clothing by reason of the "ignor-
ance, want of skill and knowledge" of the plaintiff as a
dyer. The evidence did not show that plaintiff expressly
represented to the defendant, at the time of his employ-

[Woodrow v. Hawving.]

ment or at any time, that he was a skillful dyer, but we think the principle sound that one, who undertakes under an agreement to perform certain work for another, impliedly stipulates that he is qualified to do the work, and is liable for damages, resulting from a breach of this implied stipulation. In this case the evidence showed that plaintiff began work for defendant as a dyer in February, 1893, and continued in his employment until April, 1894, under an agreement by which plaintiff was to be paid sixteen dollars per week, and that he was paid in full except for the last six or seven weeks of the services rendered.

Although a party may perform services under a special agreement, when the contract has been completed on one side, and nothing remains to be done but the payment of money, the party may maintain an action under the common counts, and introduce in support of the complaint, evidence of a special contract of employment, as tending to show the character of the services rendered, the length of time, and also the value of the services; but the rule which authorizes a recovery on the common counts, under such circumstances, does not confine the defense as to a failure of consideration, in whole or in part, or that the services were not worth the stipulated price, by reason of unskillfulness or negligence in the performance of the services, and thus defeat or reduce the recovery. The defendant may also set up a special contract of employment, aver a breach, and if the evidence justifies it, defeat the action, or recoup the damages resulting from a breach, as might have been done, if the action had been brought upon the special agreement, instead of upon a *quantum meruit* demand.—*Hunter v. Waldron*, 7 Ala. 753; *Roberts v. Brownrigg*, 9 Ala. 106; *Martin v. Everett*, 11 Ala. 375; *Dryer v. Lewis*, 57 Ala. 551; *Jones v. Deyer*, 16 Ala. 221; *Martin v. Hill*, 42 Ala. 275; *Eagan Co. v. Johnson*, 82 Ala. 233.

The court found from the facts the issue for the plaintiff. The act establishing the city court of Birmingham provides, that on appeal the Supreme Court shall review the conclusions and judgments of the city court "without any presumptions in favor of the rulings of the court below on the evidence, and if there be error, shall render or reverse and remand, as shall seem right." The

proper construction and application of this rule is not free from difficulty. When the evidence before the trial court consists of depositions a just application is easily made. In the case of *McWilliams v. Phillips*, 71 Ala. 80, this court used the following language : "There is much reluctance in appellate courts to revise the findings of fact on conflicting evidence made by primary courts. The law, however, devolves the duty, and it must be performed. The rules and principles upon which the court will proceed are settled by a long line of precedents. If the primary court is charged with the duty of ascertaining and determing matters of fact dependent upon the *viva voce* examination of witnesses, without the aid of a jury, there are obvious reasons for attaching to its findings, as this court has declared should be attached, the force and effect of the verdict of a jury, which can not be disturbed unless it is plainly erroneous, opposed to all the evidence. The rule is not applied to the decision of a chancellor passing upon the evidence wholly in writing, which, in the same form, and under the same circumstances, is presented to this court." The rule here declared preceded the enactment of the provision in the statute which we are now required to construe and apply. It is obvious that when the evidence before the trial court is wholly in writing, as stated, that court has no evidence before it which is not before this court, and it has no advantage in forming conclusions not possessed by this court. But when the evidence before the trial court is oral, and that court has the advantage of observing the manner of a witness, his swiftness in testifying, his confusion at times, his want of candor or an open, straightforward manner of giving evidence, all of which are proper facts to be considered in weighing evidence, this court has not all the *data* before it which the trial court had, and with less *data* can not possibly reach so accurate and satisfactory a conclusion as the trial court.

The defendant testified that certain articles of wearing apparel were injured by the plaintiff, which defendant was required to make good to the owners, and that some of the goods were damaged as early as two months after the employment of the plaintiff, and others continuously until the plaintiff terminated the contract of employment. As corroborative of the defendant one Dolman

testified that he was an employé of the dye works, and that plaintiff was not a first-class, skillful man in the business, and that goods were injured by the plaintiff. This latter witness did not specify any goods which had been injured, nor any time when injured. This is substantially the evidence for the defense. The plaintiff for himself testified as to his skill, and that he did not injure or damage any goods or articles during his service of employment. On this point the testimony was in direct conflict. As a further fact for plaintiff, and which was admitted, the defendant made no charges against the plaintiff during his engagement for damage to goods, nor was he notified at any time that he would be charged for such damage, nor was his attention specially directed at any time to any particular work improperly done. For the defense, the defendant testified to injury and loss sustained by reason of want of skill or negligence of the plaintiff, and his evidence was partially corroborated by Dolman. These facts were denied by plaintiff, and, as confirmatory, it was proven that there were no charges made against him for damage, that he was paid up regularly at sixteen dollars per week, without objection or complaint, after the alleged injury or damage had occurred. The trial court had the witnesses before it. It had the opportunity to observe the witnesses, their manner of testifying. This was important *data* not in the record. Suppose this precise verdict had been rendered by a jury upon these facts. and the defendant had moved the court for a new trial, upon the ground that the verdict was contrary to the weight of the evidence, and the motion overruled, and the case was before us for revision, upon the judgment refusing a new trial. Under the uniform ruling of this court, and all other courts that we are aware of where trials by jury are had upon oral testimony, a judgment of the court upon the evidence in this case refusing a new trial would be sustained.— *Cobb v. Malone*, 92 Ala. 630 ; *White v. Blair*, 95 Ala. 147. Can any sound reason be given, or just principle cited, which would authorize the application of a different rule to verdicts rendered by juries and verdicts by the courts upon the facts; or that there should be less presumption in favor of the correctness of a verdict by a court than by a jury. The great purpose of law and legal procedure, is to protect

the right, and prevent injustice and wrong, and to secure these ends their application must be uniform and consistent. We can not see why the legislature should intend when a case is brought to this court, to revise the action of the trial court in granting or refusing a motion for a new trial upon the grounds that the verdict of the jury was contrary to the evidence, a different rule should be applied than that applied if the case had been appealed from the verdict of a court upon the same facts, upon the ground that the verdict was not sustained by the evidence. If we hold, that in the one case, the judgment must be affirmed, and in the other, it must be reversed, the facts being the same, we necessarily discriminate and bring into disrepute either trials by the court without the intervention of a jury, or trials by a jury. We do not believe that the legislature intended that this court should try a case, as if it were *de novo*, upon appeal and reverse and render final judgment upon the merits, in any case, without giving the parties the benefit of all the evidence properly before the trial court and which influenced that court in reaching a just conclusion. To render final judgment here, upon less legal evidence than was before the trial court, would be manifestly unjust and injurious to the party deprived of such testimony, and would result in many cases in putting the trial court in error, when in fact it had committed no error in its conclusion from the legal evidence before it. Nor do we think the legislature intended to prescribe to this court the weight it should give to facts and *data* introduced in evidence on the trial, nor to exclude altogether from consideration important *data* and evidence, such as the manner and deportment of the witness on the stand, which, from its character, we know necessarily was before the trial court and is not before us, and can not well and truly be presented in a transcript. Such a construction might and probably would lead to unjust judgments in this court.

Our conclusion, therefore, after a careful consideration of the statute and the decisions of this court, is, that the provision, "that the Supreme Court shall review the conclusions and judgments of the city court without any presumptions in favor of the rulings of the court below on the evidence," applies to cases where this court has before it all the legal evidence and *data* which was before

the trial court, and that where the witnesses are examined *ore tenus*, the verdict, whether rendered by a jury, or by a court without the intervention of a jury, stands upon the same footing, and will not be disturbed here unless it is plainly erroneous.—*Nelson v. Larmer*, 95 Ala. 300.

Associate Justice McClellan agrees to the conclusion reached, not upon the construction given to the statute, but prefers to base his conclusion upon the ground that the provision is an encroachment by the legislative upon the judicial department and is, therefore, unconstitutional.

Applying this construction to the case before us, we have the admitted fact that plaintiff had not been paid the amount claimed for the time, for which this suit was brought. The burden was on the defendant to establish his defense. If the verdict had been rendered by a jury upon the facts, we would not hesitate to declare there was legal evidence to sustain it, and that it ought not to be set aside. We must apply the same force and effect to the verdict of the court.

There is nothing in the point, that the judgment was for one hundred and four dollars. The excess over one hundred dollars was merely the interest which accrued upon the judgment rendered in the justice court, from that time, until the rendition of the judgment in the city court.

Affirmed.