# Watson *v.* Kirby & Sons.

## *Action on a Contract.*

1. *Pleading and practice; motion to strike plea.*—The fact that a plea presents two separate grounds of defenses does not require that such plea should be stricken from the file on motion of the plaintiff.

2. *Same; action on a contract; when the averments of plea construing contract does not require plea stricken from the file.*—In an action upon a contract for the sale and delivery of a certain quantity of poplar logs, it is no ground for striking a special plea of the defendant from the file that the plea, after stating that by the terms of the contract it was agreed that the poplar logs referred to in the contract sued on "should pass regular inspection as to damage, flaws, &c.," it was then averred therein that such words meant that only merchantable or good poplar logs should be delivered under said contract; the fact as to whether or not the construction put upon such words by the defendant was correct being a matter of proof.

3. *Same; same; sufficiency of plea.*—In an action upon a contract, a plea, which, after stating certain facts *prima facie* material, then avers that they were falsely and fraudulently represented to exist, for the purpose of inducing the defendant to enter into the contract, and were the inducements for making said contract, the fact that the contract itself does not include such representations or refer to them, does not affect the validity or sufficiency of such plea; and a demurrer raising this objection to the plea is properly overruled.

4. *Same; error without injury; rulings on replication.*—The sustaining of a demurrer to the replication to a special plea, even if erroneous, is no ground for the reversal of a judgment, when the record shows that the plaintiff had the full benefit of such replication by the joinder of issue upon the defendant's other pleas, and in counts to his complaint which were added during the progress of the trial.

5. *Same; same.*—In an action upon a contract, where the defendant pleads the general issue, payment and special pleas of recoupment, and it is shown by the record that issue was joined upon the pleas of the general issue and of payment, and that the case was tried by the court without the intervention of a jury, and the judgment of the court recites that issue was found in favor of the defendant upon his plea of payment, if the judgment of the court upon this plea is

sustained by the evidence, it will be referred to such plea and will be affirmed, so far as it sustains said plea, notwithstanding there may have been error in the rulings of the court upon the demurrers, motions and replications relating to the special pleas of recoupment.

APPEAL from the Circuit Court of Colbert.

Tried before the Hon. THOMAS R. ROULHAC.

This action was brought by the appellant, G. L. Watson, against Kirby & Sons, the appellees. The grounds of the action and the facts pertaining to the complaint and the amendments thereof are sufficiently stated in the opinion.

The defendants pleaded the general issue and payment, and filed several special pleas. In the first special plea the contract sued upon was set out, and the defendants averred that the plaintiff had not delivered the logs as contracted for, and that there had been a breach of the contract by the plaintiff. The 7th and 10th special pleas, as amended, were as follows : ''7. The defendants in answer to the complaint of plaintiff filed in this cause answer and plead : That the plaintiff entered into the contract with the defendants on or about the 6th day of November, 1894, as set out in the 1st plea filed herein, and the defendants aver that they entered into the said contract on, to-wit, said 6th day of November, 1894 ; that at the time said contract was made and for the purpose of inducing the defendants to enter into said contract, plaintiff, by his agent, represented to defendants that he had from 200,000 to 300,000 feet of good poplar logs ready for delivery in said Bear River ; that said representations were made to induce defendants into said contract of purchase, and did induce them thereto, and defendants aver that said representations were falsely and fraudulently made ; that the plaintiff did not have at that time 200,000 or 300,000 feet of good poplar logs, and comparatively none cut and ready for delivery, on said river as per terms of said contract ; that the plaintiff by said fraud and deceit induced defendants to contract to purchase said good poplar logs ; that by reason of said fraud and deceit defendants have been damaged to the amount of fifteen hundred dollars, in this, that the defendants did begin to operate a saw mill on Bear River, in Colbert county, Alabama, for the purpose of sawing poplar logs into lumber for profit, which was well known to plaintiff ; that they, upon the

faith of such representations of plaintiff, upon which they relied and believed to be true, made contracts for the sale of the lumber to be sawed out of said logs to solvent parties, for cash, as soon as they could saw them into lumber, to be delivered to such purchasers, at Margerun, Bear River; that by reason of the fraud and deceit of plaintiff the defendants were unable to carry out the contract with said purchasers and get the benefit of the profit that would have accrued to them therefrom, which would have amounted to, towit, fifteen hundred dollars, which defendants hereby recoup against plaintiff's demand, and they ask judgment for the excess."

"10. And for further plea in this behalf defendants say that they entered into the contract as set out in the first plea filed herein, that at the time said contract was made, plaintiff represented that he had more than two hundred thousand feet of poplar logs cut and ready for delivery on said Bear river, Scribner's measure, that would pass regular inspection as to damage, flaws, etc., that under the terms of the said contract, it was agreed that the poplar logs referred to therein should pass regular inspection as to damage, flaws, etc., and defendants aver that said words, 'subject to regular inspection as to damage, flaws, etc.,' contained in said contract meant that only merchantable or good poplar logs could be delivered thereunder; that by reason of said representations defendants were induced to make said contract; that said representations were falsely and fraudulently made with the intent of inducing said defendants to make said contract; that defendants made said contract with plaintiff for the purpose of sawing the poplar logs into lumber for sale and profit, and that this purpose was known to plaintiff; that at the time said contract was made, and until this suit was brought, there were no good poplar logs, or logs that would pass the inspection provided for in said contract, of the quantity in said contract provided for, cut and ready for delivery procurable on said Bear river at defendants' said mill, and this was known to plaintiff; that if plaintiff had delivered 200,000 feet of poplar logs under the terms of said contract, it would have furnished defendants with lumber of the following qualities and quantities, towit, of 1st and 2nd class, 120,000 feet; of common, 48,000 feet; of shipping culls, 24,000 feet; of mill culls, 8,000;

that defendants had contracted for the sale of the produce of lumber of the said logs to solvent parties, for cash, at the following prices, at defendant's said mill, towit, for 1st and 2nd class poplar lumber at $16 per thousand feet; for common at $7 per thousand feet; and for shipping culls at $4 per thousand feet, and that at said prices said poplar logs would have, if delivered according to said contract, been sold at, towit, $2,352. That plaintiff delivered about 116,000 feet of poplar logs that were very inferior, and that would not have passed regular inspection as to damage, flaws, etc., but that, because of defendants' inability of getting other poplar logs at said mill, it was agreed to measure the lumber sawed, without waiving defendants' rights against plaintiff for failing to deliver all of said logs according to his said contract; that said logs so delivered, when cut, produced lumber as follows, towit: of 1st and 2nd class, towit, 20,000 feet; of common, towit, 20,000; of shipping culls, towit, 20,000 feet, which would have sold under the terms of said contract of sale for, towit, $560; and defendants aver that they were ready and willing to receive, and ready, willing and able to pay for, all the logs delivered by plaintiff under said contract, or that should have been delivered under said contract; and defendants aver that by reason of plaintiff's failure to deliver said poplar logs under said contract as herein shown, they were damaged in the sum of, towit, $1,700, which defendants hereby recoup against plaintiff's demand, and they ask for judgment for the excess."

The plaintiff made the following motion: "Comes the plaintiff and moves the court to strike from the files plea No. 10, because it sets up two separate and distinct defenses in one plea. 2d. And he moves to strike out the allegations of said plea, stating what defendants could have gotten for lumber sawed from 'good poplar logs,' because the contract set up in said plea shows on its face that it was not a contract to deliver any particular quality of lumber. 3d. Because the plea raises an immaterial issue. 4th. And he moves to strike out that part of plea No. 10 stating that 200,000 feet of good poplar logs would have furnished lumber of certain quality and quantities, because it presents an immaterial issue; and because the contract set up in said plea does not stipulate for the delivery of logs of any particular qual-

[Watson v. Kirby & Sons.]

ity." This motion was overruled. Thereupon the plaintiff demurred to the 7th plea, upon the following grounds: "1st. Because the matters and things set up in said plea can not be set up as an offset to plaintiff's action in this cause. 2d. Because the damages claimed by the defendant in said plea No. 7 sounds in damages merely, and is not available as a plea of set-off. 3d. Because the contract set up in said plea is not the foundation of plaintiff's cause of action in this cause. 4th. Because the alleged fraudulent representations were made prior to the execution of said written contract set up in said plea, and the damages alleged to have resulted is not a legitimate subject of set-off or recoupment in this cause."

To the 10th plea the plaintiff demurred upon the following grounds: "1st. Because the alleged fraudulent representations were made before the contract mentioned in said plea was executed, which is the sole memorial of the agreement of the parties then made. 2d. Because the contract shows on its face as set out in the plea, that plaintiff was to deliver a particular lot of logs regardless of their quality or quantity. 3d. Because the damages claimed in said plea sounds in damages merely, and is not available as a set-off in this motion. 4th. Because the fraudulent representations complained of do not grow out of the contract set up and referred to in said plea. 5th. Because the alleged false representations are not set up in said contract, and they become no part of the contract between the plaintiff and defendants. 6th. Because the profits which the defendants alleged they would have made on the logs, if they had been 'good poplar logs' is not a legitimate subject of set-off in this case, as the contract set up and referred to in said plea stipulates for the delivery of a certain lot of logs without reference to their quality or quantity. 7th. Defendant fails to set out in detail and definitely the way and manner by which he would have obtained the profit of five dollars on each one thousand feet of lumber sawed. 8th. And because said plea failed to aver sufficient facts upon which to arrive at any measure of damages sustained by the defendant. 9th. Because it is not shown where defendants could have sold the lumber at prices stated in said plea, or cost of transportation, and expense of hauling same." These demurrers were overruled, and the plaintiff duly

excepted. The plaintiff then filed replications to the several special pleas. The defendants interposed demurrers to these several replications, which were sustained. To each of these rulings the plaintiff separately excepted; but under the opinion of the court, it is unnecessary to set out these replications and demurrers at length.

The cause was tried by the court without the intervention of a jury, and upon the hearing of all the evidence, the court rendered judgment for the defendants on the plea of payment, and upon the defendants' plea of recoupment rendered judgment in their favor against the plaintiff, for an excess due the defendants from the plaintiff. The plaintiff appeals, and assigns as error the several rulings of the trial court to which exceptions were reserved.

KIRK & ALMON and CANDLER & CANDLER, for appellant, cited *Watson v. Kirby*, 112 Ala. 436; *Wilcox v. Henderson*, 64 Ala. 535; *Brown v. Freeman*, 79 Ala. 409; 1 Benjamin on Sales, p. 559.

JAMES JACKSON, J. H. NATHAN and W. H. SAWTELLE, *contra.*—Even if the court erred in the rulings upon the pleadings, it was error without injury; and in this case would not justify a reversal of the judgment of the lower court.—*Pate v. McConnell*, 106 Ala. 452; *Russell v. Jones*, 101 Ala. 261; *Payne v. Crawford*, 102 Ala. 397; *Milligan v. Pollard*, 112 Ala. 465; *Nat. Bank v. Cheney*, 114 Ala. 536.

When a contract for the sale of goods has been executed, the plaintiff can declare on the common counts. The purchaser, when so sued for the price or value of goods delivered, can certainly set out the contract, and show such defenses as he can legally interpose thereto.—*Jones v. King*, 81 Ala. 286; *Watson v. Kirby & Sons*, 112 Ala. 436.

COLEMAN, J.—The present litigation grew out of the following written agreement:

"Iuka, Miss., Nov. 6th, 1894.

"Know all men by these presents that I, C. L. Watson, do hereby agree to put a certain lot of poplar logs, now in Bear Creek, into the boom at Watson & Hughes'

mill for William Kirby & Sons for the sum of five (5) dollars per thousand feet scribner measure, and subject to regular inspection as to damage, flaws, etc. I further agree with the said Kirby & Sons to put the logs there, just as soon as the stage of the water will permit them to be run. It is further agreed and understood that the price of five (5) dollars per thousand feet, shall be due and payable as soon as said logs are inspected and measured in the booms which shall be done immediately on their delivery into the boom, said logs estimated to be between two hundred and three hundred thousand feet which are cut and ready to be run when the water rises sufficiently.''

Watson sued, and the case was tried by the court without a jury. The first count of the complaint counts upon the contract and claims nine hundred dollars for ''a lot of logs sold'' to the defendants, and avers a delivery to the defendants of the logs, under the contract, and that they sawed 200,000 feet, at five dollars per thousand, upon which the defendants were entitled to a credit of one hundred dollars.

The second count is in the common form for ''poplar logs, merchandise, goods and chattels sold and delivered to defendants at their instance and request.''

There were two other counts added, it seems, during the progress of the trial. The first of these, which makes the third count of the complaint, sets out the above contract in full, and avers that after a delivery of a portion of said logs under the contract, to-wit, the amount of 177,432 feet, the defendants repudiated said contract and refused to receive the balance of said logs and pay for the same, and refused to measure and pay for the logs as stipulated in the contract, and by sawing and converting some of the logs to their own use before the stage of the water on Bear Creek would permit the balance of the lot of logs to be delivered to the defendants, became indebted to the plaintiff for the 177,432 feet received by them, and then admits a credit of one hundred dollars.

The 4th and last count also sets out the contract in full and claims payment for 177,430 feet of poplar saw logs sold to defendants. It avers '' that said lot of logs measured 177,430 feet after deducting all damages, flaws, etc., as stipulated in said contract, and that the

whole amount of said lot of logs were delivered except about ten thousand feet, which plaintiff was unable to deliver on account of the very low stage of the water in Bear Creek, before defendants shut down their mill and moved out of the State of Alabama, * * and refused to receive the balance of them. Wherefore, plaintiff sues to recover the full amount of 177,430 feet as stipulated," etc., giving credit for one hundred dollars.

The defendants filed a number of pleas, many of which were included in the plea of the general issue, and there was also the plea of payment. On the plea of payment, the court found the issue in favor of the defendants, and the court also found for the defendants on their counter claim of recoupment and rendered judgment in their favor against the plaintiff. There was a number of special pleas also. We will consider at this time only those as to which rulings were made by the court, to which the plaintiff reserved exceptions, and which in our opinion require a decision.

Following the judgment of the court, we find that the motion to strike plea number 10 and parts of it from the file was overruled. The fact that a plea may present two separate grounds of defense, does not demand that it be stricken from the files. The plea states that by the terms of the contract it was agreed that the poplar logs referred to therein " should pass regular inspection as to damage, flaws, etc.," and defendants aver that said words " subject to regular inspection as to damage, flaws, etc., contained in said contract meant that only merchantable or good poplar logs could be delivered thereunder." This court does not judicially know what was intended by the parties by the terms "subject to regular inspection as to damage, flaws, etc." The pleader undertakes to inform the court. Whether he is correct in his definition is a matter of proof. This ground for striking the plea was properly overruled. The other grounds do not require further consideration.

The plaintiff's demurrer to pleas 7 and 10 were overruled. Applying the rule, that we are to pass upon only the precise ground of demurrer assigned, there was no error in overruling the demurrers.

The defendants do not plead an offset to the demand of plaintiff, but they claim by recoupment. A plea may state certain facts *prima facie* material and aver that they

were falsely and fraudulently made to induce the making of a contract, and were the inducement, and the fact that the contract itself does not include the representations, or refer to them, cannot be urged against the validity or sufficiency of such a plea. The other grounds of demurrer have been disposed of under the motion to strike.

Without passing upon the merit of each of the replications to defendant's pleas, to which demurrers were sustained, it is sufficient to say, that the plaintiff had the full benefit of such replications, in the joinder of issue upon the defendant's pleas, and in the 3d and 4th counts added during the progress of the trial. In considering the pleadings, as also the merits of the case, it must be borne in mind, that the plaintiff sues in common form for a *quantum valebat*, as well as upon the contract, and whatever tended to show the real value of the logs was legitimate evidence. We find no error in the ruling of the court upon the pleadings. Independent of these considerations, the record shows that issue was joined upon the general issue, and on the plea of payment. The judgment of the court adjudges "that upon the defendants' plea of payment the issue is found in favor of the defendants." If the conclusion of the court upon the plea of payment is sustained by the evidence, although there may have been error in the ruling of the court upon the demurrers, motions and replications relating to the special plea of recoupment, such error would not avail to reverse the cause, so far as the judgment of the court sustains the plea of payment.—*Shahan v. Ala. Gr. So. R. R. Co.*, 115 Ala. 181, and authorities cited. The cause was tried by the court without a jury. We have examined the record very thoroughly. It cannot be doubted that there is an abundance of evidence which sustains the finding of the court upon the plea of payment. Following the general rule in such cases, we are required to affirm the judgment.—*Boyle v. Boyle*, 23 Ala. 544, 546; *Kirksey v. Kirksey*, 41 Ala. 635; *Woodrow v. Hawving*, 105 Ala. 240; *Scarbrough v. Borders*, 115 Ala. 436.

The court also rendered judgment in favor of the defendants against the plaintiff upon the counter claim set up in the plea of recoupment. We have examined the evidence introduced in support of this claim, and the rulings of the court upon the exclusion and admission

of such evidence. We are not clearly satisfied that the court is entirely free from error upon the claim of recoupment. Counsel for appellee in their brief, request an affirmance upon the plea of payment. The statute under which the appeal is prosecuted authorizes the court to render such judgment as in its judgment should be rendered. The appellant has no right to a reversal of the judgment upon the plea of payment. The appellees consent to a judgment for plaintiff upon the plea of recoupment. Of this the appellant cannot complain. Judgment will, therefore, be rendered for the defendants. We must not be understood as holding that the bill of exceptions sufficiently shows that it contains all the evidence.

Modified and affirmed.