# York *v.* The State.

*Selling Property Under Lien.*

(Decided Feb. 13, 1908.   45 South. 893.)

*Criminal Law; Appeal; Finding of the Trial Court; Conclusiveness.*—Where the evidence is wholly or partly oral the conclusion of the trial court thereon, if not plainly incorrect, will be given the same conclusiveness as the verdict of a jury, and will not be disturbed on appeal, notwithstanding the provisions of the act creating the court trying the cause declares that the Supreme Court, in passing on such conclusions, shall not indulge any presumption in favor thereof.

APPEAL from Geneva County Court.

Heard before Hon. T. N. HICKMAN.

M. H. York was convicted of selling mortgaged property, and he appeals.   Affirmed.

R. H. WALKER, for appellant.   Counsel discusses assignments of error, but cites no authority.

ALEXANDER M. GARBER, Attorney General, for the State.

TYSON, C. J.—This is a prosecution for the selling by defendant of personal property upon which he had given a mortgage without the consent of the mortgagee. —Section 4758, Cr. Code 1896.   No exception was reserved upon the trial, other than to the finding by the presiding judge, who tried the case without a jury, of the defendant's guilt.

Under the act establishing the court in which this trial was had, an appeal is allowed the defendant, in which he may present for review the conclusion or judgment of the court upon the evidence; and this court, in passing

[York v. The State.]

upon that conclusion, shall indulge no presumption in favor of the conclusion or judgment sought to be reviewed. In *Woodrow v. Hawving,* 105 Ala. 240, 16 South. 720, this court, in dealing with a similar provision in the act creating the city court of Birmingham, held that it applied to cases where this court has before it all the legal evidence and data which was taken before the city court; but when the evidence in a case before the trial court was oral, this court has not before it all the important data and evidence, such as the manner and deportment of the witnesses on the stand, that was before the trial court, and in such case, whether the judgment was rendered on a verdict by a jury or was rendered by the court without the intervention of a jury, this court will not disturb such judgment, unless it is plainly erroneous. This holding has been many times approved and followed, as will be seen by reference to the following cases: *Pollard v. Am. F. L. M. Co.,* 139 Ala. 183, 35 South. 767; *Ward v. Shirley,* 131 Ala. 568, 32 South. 489; *Truitt v. Crook,* 129 Ala. 377, 30 South. 618; *Callahan v. Nelson,* 128 Ala. 671, 29 South. 555; *Southern Ry. Co. v. Poscy,* 124 Ala. 486, 26 South. 914; *First Nat. Bank v. Hall,* 119 Ala. 64, 24 South. 526; *Little v. Smith,* 119 Ala. 461, 24 South. 427; *Watson v. Kirby,* 116 Ala. 557, 23 South. 61; *Scarbrough v. Borders,* 115 Ala. 436, 22 South. 180; *Simpson v. Golden,* 114 Ala. 336, 21 South. 990; *Jones v. White,* 112 Ala. 449, 20 South. 527; *McAnally v. Hawkins Lumber Co.,* 109 Ala. 397, 19 South. 417; *Ramey v. People's Grocery Co.,* 108 Ala. 476, 18 South. 805; *Bridgeport Lumber Co. v. Ladd,* 107 Ala. 244, 18 South. 165. And this rule obtains where the evidence is partly oral and partly in writing.—*Simpson v. Golden, supra.* Indeed, the effect of the rule is to place the finding or conclusion of the trial judge in a case where the evidence is wholly or partly oral, upon the

same footing as the verdict of a jury, and to authorize the reversal of the judgment only upon such a state of the case as would require the trial court to grant a motion to set aside the verdict of a jury and grant a new trial.—*Ramey v. People's Grocery Co., supra.*

Applying the rule above declared to the case in hand, we are unwilling to affirm that the conclusion of the trial judge was plainly and palpably incorrect.

Affirmed.

ANDERSON, DENSON, and McCLELLAN, JJ., concur.