# Thompson *v*. Collier.

## *Assumpsit.*

(Decided Jan. 11, 1911. 54 South. 164.)

1. *Limitation of Action; Partial Payment; Burden of Proof.*— Where partial payment is relied on to stop the running of the statute of limitations the party relying on such partial payments has the burden of proof.

2. *Appeal and Error; Review; Finding of Court.*—Where the evidence is wholly or partly oral the determination of the question of fact thereon, by the trial judge will not be disturbed on appeal unless plainly erroneous.

APPEAL from Lee County Law and Equity Court.

Heard before Hon. A. E. BARNETT.

Assumpsit by Beele. H. Collier, as administratrix, against J. H. Thompson. Judgment for plaintiff and defendant appeals. Affirmed.

[Thompson v. Collier.]

BARNES & DENSON, for appellant. The burden was on the plaintiff to show by clear and convincing proof the fact that partial payment had been made, in order to stop the running of the statute.—*McGehee v. Grier*, 7 Port. 537; *Knight v. Clements*, 45 Ala. 89; *Nelson v. Larmer*, 95 Ala. 300; *Pearce v. Walker*, 103 Ala. 250; 17 Cyc. 778; 25 Cyc. 1368. The plaintiff's testimony is not at all certain or definite as to the credit to be given, or as to the time when said work or labor was done, nor did her evidence show an agreement on the part of the defendant that the work and labor was to be credited on the note.—Authorities supra. Under the act creating the law and equity court of Lee county, this court must review the finding of the judge without presumption in favor of its correctness.

BERRIEN T. PHILLIPS, for appellee. Partial payments within the statutory time removes the bar of the statute of limitations.—Sec. 4850, Code 1907. The court had the witnesses before it, and its findings will not be reviewed or disturbed unless plainly erroneous.— *Woodrow v. Hawving*, 105 Ala. 240; *L. & N. v. Solomon*, 127 Ala. 189; *Ensley v. Smith*, 51 So. 343; *Postal T. Co. v. Beale*, 159 Ala. 249. It does not appear that the verdict was plainly contrary to the great weight of the evidence.—*Montgomery v. Patterson*, 162 Ala. 125; *Jenkins v. McGeever*, 162 Ala. 305.

ANDERSON, J.—The note sued upon matured more than six years before the commencement of the suit, but there was an averment of part payment, which, if true, would remove the beginning of the bar, and which would, therefore, commence to run upon the date of the payment, and could not become complete until six years thereafter.—*Bailey v. Butler*, 138 Ala. 153, 35 South. 111; section 4850 of the Code of 1907. So the

sole question is: Was the payment made in the fall of 1902, as testified to by the plaintiff's witness? If it was, the debt was not barred when the suit was brought; and, if it was not made, there should have been a judgment for defendant, upon his plea of the statute of limitations of six years. It is true that, where a partial payment is relied upon to intercept the statute of limitations, the burden of proof is upon the party relying on such payment.—*Knight v. Clements,* 45 Ala. 89, 6 Am. Rep. 693; *Pearce v. Walker,* 103 Ala. 250, 15 South. 568. But the trial court had facts and circumstances before it not available to us; the evidence being in part ore tenus. He saw and heard some of the witnesses, and could observe their demeanor upon the stand, and his conclusion upon the facts will not be disturbed, unless it is plainly erroneous. We are not prepared to say it was plainly erroneous, as the plaintiff's witness Caro Williams testified: "Some payment has been made on *said* note. Credit was given on the note. * * * I have positive recollection that J. H. Thompson agreed to let the above-mentioned work go as payment on rent note of 1900. * * * J. H. Thompson made this note to me for rent of land from G. W. Hooper's estate." The defendant did not deny the credits detailed by the witness Williams, but claimed that they were made in the spring and not fall, of 1902, and that they were to be applied to a debt other than the one represented by the note; and it is doubtful if we would disturb the conclusion, if we were not allowed to resolve intendments in favor of the trial court.

Statutes similar to the one governing appeals from the Lee county court have been frequently construed by this court, to the effect that there would be presumptions in favor of the findings of the lower court, except where this court has before it the same data

which was taken before the trial court. If, therefore, the evidence was ore tenus, or partly so, this court does not possess the advantage of considering the manner and demeanor of the witnesses, and will not disturb a judgment found on such evidence, unless it is plainly erroneous.—*Simpson v. Golden,* 114 Ala. 336, 21 South. 990. This construction was given statutes of this character in the case of *Woodrow v. Hawving,* 105 Ala. 240, 16 South. 720, which said case has been repeatedly followed.—*York v. State,* 154 Ala. 60, and a long list of cases cited on page 61, 45 South. 893. In the early case of *Nelson v. Larmer,* 95 Ala. 300, 11 South. 294, the statute received a different interpretation, although the writer of the opinion expressed views now existing; but the majority did not agree with Judge Walker, and construed the statute just contrary to the one given it in the *Woodrow Case, supra,* and which said case should have overruled the case of *Nelson v. Larmer,* 95 Ala. 300, 11 South. 294, instead of citing same approvingly, as the views there expressed by Judge Walker, which is the law now, were not approved by the majority in said *Nelson Case.* This case of *Nelson v. Larmer* has been often overruled in effect, and is now, as to the point in question, expressly overruled.

The judgment of the law and equity court is affirmed.

Affirmed. All of the Justices concur.