# Shotts, et al. v. Scott.

## Detinue.

(Decided April 22, 1915.  68 Southfl 325.)

1. *Appeal and Error; Questions Reviewable; Finding of Court.*— Under Local Acts 1907, (S. S. p. 33) on appeal from a finding of the court without a jury, the appellate court will review the judgment without any presumption in favor of the findings of the trial judge, and render such judgment as ought to have been rendered, except where the evidence is ore tenus, and in that case, it will look to the fact that the trial court had before it evidence which the appellate court cannot have.

2. *Mortgages; Payment; Validity.*—Notwithstanding the fact that because of the death of the mortgagor, the mortgagee could not prove that the animal was described in the mortgage by a description inserted after the execution and recording of the mortgage, under an agreement with the mortgagor, yet where a mortgagee took from the wife of deceased mortgagor an animal in part payment of the debt, and surrendered to her the mortgage and other property secured thereby, the trade was valid and binding upon her.

APPEAL from Franklin Circuit Court.

Heard before Hon. C. P. ALMON.

Detinue by Mrs. M. E. Scott against T. L. Shotts and others to recover a mule. Judgment for plaintiff, and defendants appeal. Reversed and rendered.

Transferred from the Court of Appeals under the act creating that court.

E. B. & K. V. FITE, for appellant.

W. L. CHENAULT, for appellee.

MAYFIELD, J.—This was an action of detinue, by appellee against appellants, for a mule. The case was tried by the court without a jury. Judgment was rendered for the plaintiff, from which defendants appeal.

(1) Under the provisions of section 3 of an act approved November 23, 1907, regulating the practice and procedure in certain cases, in the circuit court of Franklin county (Local Acts, Sp. Sess. 1907, p. 33), it is provided as follows: "Sec. 3. That in the trial of any cause without a jury in said court in addition to the question which may be under existing laws presented to the Supreme Court for review, either party may by bill of exceptions also present for review the conclusions and judgments of the court on the evidence, and the Supreme Court shall review the same without any presumption in favor of the court below on the evidence, and, if there be an error, shall render such judgment in the cause as the court below should have rendered or reverse and remand the same for further proceedings as to the Supreme Court shall be deemed right."

By virtue of this act, we review the judgment of the circuit court without any presumption in favor of the findings of the judge, and render such judgment as the lower court should have rendered. except where the evidence is ore tenus, in which case we do look to the fact that the trial court had before it evidence which we do not have, as has been frequently decided by this court. —*York v. State,* 154 Ala. 60, 45 South. 893; *Thompson v. Collier,* 170 Ala. 469, 54 South. 493.

(2) The evidence as shown by this record we find to be overwhelming to the effect that defendant purchased this mule from plaintiff, or took it in part payment of a mortgage debt which her husband owed to defendants, which debt was well secured; and that in consideration therefor the defendants surrendered to the plain-

[Shotts, et al. v. Scott.]

tiff the mortgage and other property secured by mortgage.

The mule in question was described in the face of the mortgage, but the description seems to have been inserted, after the mortgage was fully executed and recorded, by an agreement between the mortgagor, the husband of plaintiff, and the defendant mortgagees. The mortgagor being dead, the mortgagees were unable to prove the fact that the mule was so subsequently added to the mortgaged property with the consent of the mortgagor, there being no one by whom the proof could be made, and the defendants being incompetent to testify as to such transaction. This, however, did not render void the trade made between the plaintiff and the defendants, whereby the former surrendered the mule and other property in satisfaction and payment of the mortgage debt, and the latter delivered over the mortgage to the plaintiff.

There is no evidence in contradiction of the above-recited facts, except evasive denials by the plaintiff herself. And even her testimony, when considered as a whole, corroborates that of all the defendants' witnesses.

Reversed and rendered.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.