# Burger, *et al. v.* Peerless L. & Mfg. Co.

### Action for Damages to Goods.

(Decided November 24, 1916.   73 South. 77.)

1. **Courts; Findings; Review.**—The finding of the city court sitting with-out a jury upon evidence delivered ore tenus must be treated on appeal like the verdict of a jury on issues of fact.

2. **Master and Servant; Injury to Third Person; Liability.**—A master may be held to account for the wrong or negligence of his servant resulting in damages to another, although the servant violated his master's express instructions in doing the act from which the damages proximately resulted.

3. **Same; Trespass on the Case.**—Where defendant's servant in entering plaintiff's store and loading lumber upon the elevator, had no intention to forcibly or directly injure plaintiff's property rights, and if wrongful at all, was due to mistake, and negligence, the resulting injury to plaintiff's property was redressable only by an action of trespass on the case.

4. **Same; Jury Question.**—The evidence examined and held to sustain a judgment for defendant in this case.

5. **Same; Judgment.**—Where there is evidence on which the court might have thought it could rest a finding that defendant had established its plea of agency for plaintiff, and contributory negligence, a judgment for defendant was proper.

APPEAL from Birmingham City Court.

Heard before Hon. H. A. SHARPE.

Action by J. Burger and others against the Peerless Lumber & Manufacturing Company, for damages for trespass, and injury to goods.   Judgment for defendant and plaintiffs appeal.   Affirmed.

Transferred from Court of Appeals.

DAVID S. ANDERSON, and A. H. ALSTON, JR., for appellant. HALEY & HALEY, for appellee.

McCLELLAN, J.—Action for damages, instituted by the appellants against the appellee. The complaint contains two counts, one in trespass, and the other in case. The cause of action declared on arose out of the act of Will Emery, a negro driver of a delivery wagon used by the defendant in its mill business at Birmingham. Emery was sent by defendant to deliver to Drennen & Co.—a different mercantile concern doing business next door to the plaintiffs in that city—a load of lumber. Emery placed the lumber in an upright position on a rear elevator belonging to and used by the plaintiffs to lift goods, etc., to their upper floors. When the elevator, with the projecting lumber on it, approached the top of its shaft, the ends of the lumber struck the pipes of the sprinkler system in the building, broke them, and emptied their contents on some of the goods of the plaintiffs, causing damage to the amount of about $75. The plaintiffs were reimbursed by the casualty company which had issued to them a policy of insurance covering such a case. The claim against the defendant became the property of that company, and this suit is really for that company's benefit. In addition to the general issue, the defendant interposed two special pleas, on which issue was joined. Plea 2 alleged that the defendant's driver did what resulted in damage to plaintiffs' property "at the invitation of agents" of the plaintiffs "who were then and there acting within the line and scope of their authority as agents of the plaintiffs." Plea 3, in its substantial part, ascribed the damage to the contributory negligence, imputed to plaintiffs, in this form: "That the servants or agents or other parties in control of or using said elevator for said Burger Dry Goods Company invited or instructed the agent or servant of said defendant to place said lumber on said elevator in the manner and place where it was so placed on said elevator and said agents or servants of said Burger Dry Goods Company acting within the scope of their authority operated said elevator at the time and place where said alleged damage occurred or was caused."

(1) No question of the sufficiency of these pleas appears to have been made in the city court. After hearing the evidence, the court, without a jury, gave judgment for the defendant on the issues thus made. The conclusion of the court below on the evidence, which was delivered by the witnesses ore tenus, must be treated on this appeal like the verdict of a jury on issues of fact.—*Woodrow v. Hawving*, 105 Ala. 240, 16 South. 720; *York*

*v. State,* 154 Ala. 60, 45 South. 893, collecting numerous adjudications; *Thompson v. Collier,* 170 Ala. 469, 54 South. 493, among many others.

(2) The appellant asserts that the conclusion attained by the trial court was due, alone, to a misapprehension of the law in this respect: That the master cannot be held to account for the wrong or negligence of his servant, resulting in damage to another, if the servant violated the master's express instructions in doing the act from which the damage proximately results. If the trial court entertained that view—it does not appear from this record that such was the trial court's view, unless it can be said from this record that on no other ground could the conclusion prevailing below have been there attained—it was laid in error.—*Steele v. May,* 135 Ala. 483, 488, 489, 33 South. 30.

(3) It is manifest from the evidence that neither the entry of plaintiffs' store, nor the loading and use of the elevator, by Emery, constituted a trespass in or on plaintiffs' property. At most, Emery's effort and acts, if wrongful at all, were due to mistake and negligence; and, if to be redressed, could be alone invited by pleading charging trespass on the case. Emery's entry and acts were not characterized by an intention to forcibly, directly invade or to injure plaintiffs' rights of property.—*Taylor v. Smith,* 104 Ala. 537, 544, 16 South. 629; *Pruitt v. Ellington,* 59 Ala. 454; *Ala. Mid. Ry. Co. v. Martin,* 100 Ala. 511, 513, 14 South. 401; *Drake v. Lady Ensley Ry. Co.,* 102 Ala. 501, 509, 14 South. 749, 24 L. R. A. 64, 48 Am. St. Rep. 77. Hence the plaintiffs' reliance for a recovery was restricted to the count in case.

(4) Emery was examined by both sides; and in some important respects his testimony was conflicting. The second count charged that after Emery placed the lumber on the elevator, in an upright, projecting position, the defendant's agent "negligently caused said elevator to ascend and the pieces of lumber being so negligently loaded thereon as to protrude therefrom or to exend higher than the said elevator would permit when the same was loaded," struck the sprinkler system and broke its pipes, causing the damage mentioned. On his examination in chief, Emery testified that the raising of the elevator, so loaded, was effected by a man then using it to lift into the store of plaintiffs a kind of merchandise carried by plaintiffs in their stock; but on return to the stand as a witness for defendant he testified: "After putting the lumber on the elevator I ran it up

[Koger v. Roden Coal Co.]

to the top"—the immediate act causing the damage, the proximate cause thereof. Whether his testimony, in this connection, when testifying as a witness for plaintiffs or when testifying as a witness for defendant, was true—they could not both be true—was a question of fact to be decided by the trial court. He saw this witness—practically the only witness testifying to these particular circumstances—and had the opportunity to observe all those circumstances which are wont to advise a court in determining the credence it will give to testimony delivered ore tenus. We have not that opportunity. We cannot say that, in such circumstances, the court erred in its judgment in respect of plaintiff's failure to sustain the vitally material averment above quoted from the second count.

(5) Furthermore, the conclusion below might, though it is unnecessary, be rested upon the premises that there was evidence on which the court might have thought it could rest a finding that defendant had established its pleas. If it did so, a judgment in its favor was its due.

The judgment is affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.