(84 South. 750)

In re IGO.

ONE FORD AUTOMOBILE v. STATE.

(6 Div. 958.)

(Supreme Court of Alabama. Dec. 18, 1919.)

1. APPEAL AND ERROR ☞1012(1)—JUDGMENT NOT DISTURBED UNLESS PALPABLY AGAINST EVIDENCE HEARD ORE TENUS.

Judgment or decree of court in a case where the evidence was ore tenus will not be disturbed unless plainly and palpably contrary to the great weight of the evidence.

2. INTOXICATING LIQUORS ☞251—EVIDENCE HELD TO SHOW THAT AUTOMOBILE OWNER WAS CONNECTED WITH UNLAWFUL TRANSPORTATION OF LIQUOR.

In proceedings by the state to condemn automobile found transporting liquor, in which claim was interposed by the owner, evidence *held* to warrant conclusion that owner of automobile not only knew that automobile was being used to transport liquor, but that he was connected with the unlawful act.

Appeal from Circuit Court, Jefferson County; C. W. Ferguson, Judge.

Action by the State of Alabama to condemn one Ford automobile, motor No. 1459-798, license No. 40801, found transporting whisky, with claim of same by I. B. Igo. From a decree condemning the automobile, claimant appeals. Affirmed.

The car was captured by officers of the law on a public highway in Jefferson county and had in it 25 gallons of corn liquor, whisky. The man driving the car got away, but there was evidence tending to show that other men in a Dodge car were following close behind the car that was seized, and that the claimant was one of them. The evidence for the claimant tended to show that his car which was the Ford car here in question, was stolen on that particular night, and that he and one Porter spent the night in Paterson's house in Shelby county. All the evidence was taken verbally before the court.

Leeper, Haynes & Wallace, of Columbiana, for appellant. Counsel discuss the evidence and the issues, but cite no authorities.

J. Q. Smith, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State. Counsel discuss the evidence and the issues, but cite no authorities.

ANDERSON, C. J. [1, 2] The evidence in this case was ore tenus, and the trial court saw and heard the witnesses, and therefore had an advantage over this court in passing upon the weight and sufficiency of the evidence, and its judgment or decree will not be disturbed unless the same was plainly and palpably contrary to the great weight of evidence. Indeed, the judgment of the court was like unto the verdict of a jury. Hackett v. Cash, 196 Ala. 403, 72 South. 52; Finney v. Studebaker Co., 196 Ala. 422, 72 South. 54; Thompson v. Collier, 170 Ala. 469, 54 South. 493; York v. State, 154 Ala. 60, 45 South. 893. This rule also obtains as to decrees in equity as well as judgments at law when the evidence is ore tenus, or partly so. Fitzpatrick v. Stringer, 76 South. 932.[1] There was evidence from which the trial court could have reasonably concluded that this claimant not only knew the auto was being used to transport liquor, but was connected with the unlawful act.

The judgment of the circuit court is affirmed.

Affirmed.

SAYRE, GARDNER, and BROWN, JJ., concur.