## FULTON BAG & COTTON MILLS v. LEDER OIL CO. (2 Div. 786.)

(Supreme Court of Alabama. April 20, 1922.)

**1. Trial &#9786;83(2)—Objections to evidence that it was illegal and immaterial properly overruled as too general.**

In an action by a seller for refusal to accept the goods, an objection to a question as to whether the buyer was solvent when the order was placed and the goods shipped, on the ground that it was illegal and immaterial, was too general, and, in view of the fact that the evidence called for was in rebuttal of testimony by plaintiff, was properly overruled.

**2. Evidence &#9786;473—Admission of testimony of buyer that he did not give seller permission to sell goods for his account held not error.**

In an action by a seller for refusal to accept the goods, in which the buyer set off damages for the unlawful retaking of the goods by the seller, permitting buyer to testify that he did not consent to the goods being shipped and sold for his account was not error, on the ground that he stated a conclusion, since it was a shorthand rendering of facts.

**3. Evidence &#9786;155(10)—Admission of testimony as to conversation between plaintiff's agent and defendant held proper.**

In an action by a seller for refusal to accept the goods, in which plaintiff put in evidence by its agent his version of conversations between the agent and defendant, as to the sale of the goods, admitting testimony of a third person who was present as to what was said was proper.

**4. Appeal and error &#9786;1011(1)—Judgment in case tried by court founded on conflicting evidence, not disturbed.**

Where a case is tried by a court sitting as a jury, a judgment founded on conflicting evidence has the force of a verdict of a jury rendered on conflicting evidence, and will not be disturbed on appeal.

Appeal from Circuit Court, Marengo County; R. I. Jones, Judge.

Assumpsit by the Fulton Bag & Cotton Mills against the Leder Oil Company. Judgment for defendant, and plaintiff appeals. Transferred from Court of Appeals under section 6, Acts 1911, p. 449. Affirmed.

B. G. Wilson, of Demopolis, and Wm. Cunninghame, of Linden, for appellant.

The court erred in finding the issues for the appellee, and rendering judgment accordingly. 9 Port. 104, 33 Am. Dec. 300; 18 Ala. 264; 93 Ala. 476, 9 South. 609; 104 Ala. 445, 18 South. 38; 159 Ala. 14, 48 South. 858; 179 Ala. 472, 60 South. 270; 190 Ala. 346, 67 South. 382; 124 Ala. 451, 27 South. 518; 166 Ala. 174, 52 South. 45;. 144 La. 459, 80 South. 657. Payment was due upon delivery of the goods. 16 Ala. App. 278, 77 South. 428; 31 Ala. 160; 31 Ala. 497; 148 Ala. 467, 42 South. 596; 159 Ala. 486, 48 South. 807; 136 'Ala. 261, 33 South. 873, 96 Am. St. Rep. 25; '23 R. C. L. 1384. The court erred in the admission of the testimony of Bley and Nonnemacher. 65 Ala. 526; 117 Ala. 285, 23 South. 6; 98 Ala. 560, 12 South. 818; 118 Ala. 246, 24 South. 80; 201 Ala. 431, 78 South. 809; 202 Ala. 232, 80 South. 69; 203 Ala. 564, 84 South. 299; Jones on Evidence, § 235.

Ben F. Elmore, of Demopolis, and I. I. Canterbury, of Linden, for appellee.

The title to the goods was in the defendant, the delivery being unqualified. 198 Ala. 275, 73 South. 498; 190 Ala. 346, 67 South. 382; 71 Ala. 368; 148 Ala. 625, 42 South. 813; 1 Ala. 275; 12 Ala. 520, 46 Am. Dec. 264; 1 Kan. 259, 81 Am. Dec. 511. The term "net cash" did not import that title or possession was not to pass to the buyer until payment was made. 74 Ala. 239; 97 Ala. 611, 11 South. 809; 94 Ala. 505, 10 South. 307; 3 Ala. 679; 35 Cyc. 323. There must be a refusal to accept before the right to resell can arise. 24 R. C. L. 108. Plaintiffs were guilty of trover and liable therefor in damages. 38 Cyc. 202; 24 R. C. L. 780, 781.

MILLER, J. The Fulton Bag & Cotton Mills, a corporation, sues the Leder Oil Company, a corporation, for $469.41, damages for the breach of a contract for sale of 7,500 meal sacks at $192.50 per thousand, and 50 pounds of twine at 61½ cents per pound, terms net cash, which were shipped by plaintiff from New Orleans to the defendant at Demopolis, and which defendant refused to accept, receive, or pay for, and which were resold thereafter by the plaintiff to a third party for the account of defendant for $469.41, less than the contract price. The amount claimed as damages is the difference between the contract price and the amount received by plaintiff for the goods when resold by it. This is claimed and averred in several counts based on a breach of the contract, and it is also claimed of the defendant by the common counts—on account, on account

stated, and for goods and merchandise sold. The defendant pleaded the general issue, set-off, and that defendant was the owner of the 7,500 meal bags, and the twine, that without its knowledge or consent plaintiff took possession of said property, and converted the same to plaintiff's use, to the damage of defendant in the sum of $1,540, which the defendant offers to set off against plaintiff's demand. The case was tried by the court without a jury. There was judgment for the defendant. The defendant was taxed with the costs. The plaintiff appeals from this judgment.

[1] The plaintiff introduced evidence that the bags and twine were shipped to defendant at Demopolis; that they were not accepted from the depot by the defendant; that it was not in a financial condition to handle the bags; it could not pay for them, and requested plaintiff to receive them back. The defendant asked Isadore Bley:

"At the time you placed the order and at the time the goods were shipped, was the Leder Oil Company solvent?"

The plaintiff objected because it called for "illegal and immaterial evidence." The court overruled the objection, the witness answered the corporation was solvent, and plaintiff moved to exclude the answer on the same grounds assigned to the question. These grounds are general—too general. Objections should define and state clearly the grounds. It is not the duty of the court to search for them, and when the evidence called for is not obviously illegal and not on its face irrelevant, the court may overrule the general grounds. The grounds assigned were general; the question called for evidence in rebuttal of testimony introduced by plaintiff; it tended to show defendant was financially responsible and able to pay for the goods; and, under these circumstances, the court did not err in overruling the objections. Brennan v. Voght & Son, 97 Ala. 647, 11 South. 893; Dryer v. Lewis, 57 Ala. 551; Richards v. Bester, 90 Ala. 352, 8 South. 30; Johnson v. Beard, 93 Ala. 96, 9 South. 535; Leffler v. Lehman, 57 Ala. 433.

[2] The court did not err in permitting Isadore Bley to testify that he, as president of defendant company, did not give his consent or assent that these goods be shipped and sold for his account. It did not state a conclusion. It is a shorthand rendering of facts, a collective fact, known to witness and to which he could testify; and plaintiff could, if it desired, on cross-examination, go into details as to his knowledge of the facts and circumstances. E. Tenn. Va. & Ga. R. R. Co. v. Watson, 90 Ala. 41, 7 South. 813; Brandon v. Progress Distilling Co., 167 Ala. 365, 52 South. 640; 3 Mayf. Dig. p. 468, (c) 12. This evidence was also admissible, tending to show plaintiff acquired possession of the goods wrongfully, tortiously, without the consent of defendant. 38 Cyc. p. 2021, § 2.

[3] The court permitted Mr. Nonnemacher, witness for defendant, to testify that in a conversation between Mr. Myer, agent of plaintiff, and Mr. Bley, president of defendant, he heard Bley tell Myer that those bags and twine belonged to the Leder Oil Company, the defendant. Myer, as agent of plaintiff, went to Demopolis once or twice to see defendant's president in regard to the bags and twine; they had one or two conversations on the subject. The plaintiff had put in evidence these conversations through its witness and agent Myer. The testimony of Myer and Bley was in direct conflict on this very matter, and on other material parts of the conversation and statements made by each. Nonnemacher heard one of the conversations. The plaintiff had put in evidence these conversations, its version of them, by its witness Myer. It was competent and proper for the witness Nonnemacher to testify as to what he heard pass between them in that same conversation. His version of the conversations as testified to by him was in direct conflict with the testimony of Nonnemacher. Jones on Ev. (2d Ed.) §§ 235–237.

The order for the goods stated terms are net cash, but subject to revision at any time by seller. Freight was f. o. b. New Orleans. The goods were shipped or consigned by plaintiff to defendant; the shipment was open, coupled with no condition.

[4] The judgment of the court is assigned as error. The evidence in the case was heard and the facts determined by the court without a jury. The evidence was partly by deposition and partly ore tenus. Witnesses for plaintiff and for defendant were examined in open court, and their evidence was given orally to the court. The oral testimony of these witnesses was in direct conflict on many of the material issues involved in the case. As to whether the plaintiff or defendant was entitled to a judgment was clearly a question of fact for the court to declare and determine on the issues from the conflicting evidence and oral testimony introduced by the parties. It will serve no good purpose for us to set out and analyze this evidence and show, if plaintiff's version is believed, a judgment should have been rendered in its favor, and if defendant's evidence was believed by the court, judgment was properly rendered in its favor.

"When the evidence is ore tenus, or partly so, * * * this court will not disturb the conclusion unless it is plainly and palpably contrary to the weight of the evidence." Hackett v. Cash, 196 Ala. 403, 72 South. 52; Thompson v. Collier, 170 Ala. 469, 54 South. 493; York v. State, 154 Ala. 60, 45 South. 893.

"Indeed, the effect of the rule is to place the finding or conclusion of the trial judge, in a case where the evidence is wholly or partly oral, upon the same footing as the verdict of a jury, and to authorize the reversal of the judg-

ment only upon such a state of the case as would require the trial court to grant a motion to set aside the verdict of a jury and grant a new trial." York v. State, 154 Ala. 60, 45 South. 893; Gulf Coast Lbr. Co. v. Miles, 206 Ala. 429, 90 South. 281.

This judgment rendered by the court is not plainly and palpably contrary to the weight of the evidence. There is ample evidence on which to rest his conclusion of facts. His findings, evidenced by the judgment rendered, will not be disturbed.

Finding no error in the record, the judgment is affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.