(75 South. 332)

EVERETT v. COOPER. (3 Div. 270.)

(Supreme Court of Alabama. April 19, 1917.)

COURTS ⬥190(8)—REVIEW — QUESTIONS OF FACT.

If decree of city court is passed after hearing, where witnesses were examined ore tenus, the Supreme Court cannot disturb it, unless plainly erroneous.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3381.]

Appeal from City Court of Montgomery; Gaston Gunter, Judge.

Bill by Glenn B. Everett against Fred R. Cooper. Decree for defendant, and complainant appeals. Affirmed.

Rushton, Williams & Crenshaw, of Montgomery, for appellant. Goodwyn & McIntyre, of Montgomery, for appellee.

McCLELLAN, J. The appellant filed this bill against appellee, seeking the declaration by the court that the property described therein in fact belonged to her and an order compelling appellee to convey it to her in avoidance of his act, in breach of confidence, in taking a conveyance in his, instead of her, name. The appellant's counsel assert that the controlling inquiry in the cause was whether the appellee made a gift to the appellant of $2,000, which money she later committed to his custody for the express purpose of discharging a lien on the property, held by another, and to effect her investment with the unclouded title thereto. In accordance with the provision of the act approved September 22, 1915 (Acts 1915, p. 705), the judge of the city court, sitting in equity, heard an oral examination of all the witnesses, and thereupon reached a conclusion unfavorable to the appellant (complainant) on the issue of fact indicated. The conclusion of the judge of the city court being the result of a hearing where the witnesses were examined ore tenus, this court cannot, under its practices, disturb the decree, unless it is plainly erroneous. Woodrow v. Hawving, 105 Ala. 240, 16 South. 720; among others in its line.

The whole evidence has been carefully read and considered, and this court is not convinced that the conclusion attained was erroneous.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.